38743.   KIKER v. DAVIS.

DECIDED MARCH 8, 1961.

290

*Hardin, McCamy & Minor, Carlton McCamy,* for plaintiff in error.

*Pittman, Kinney & Pope, H. E. Kinney,* contra.

TOWNSEND, Presiding Judge. ■ Special ground 1 contends that the verdict is so excessive as to obviously be the result of bias and prejudice against the defendant.

*Code* § 105-2015 provides as follows: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." This court does not have the broad discretionary powers invested in trial courts to set aside verdicts, and where the trial court before whom the witnesses appeared had the opportunity of personally observing the witnesses, including the plaintiff on the stand, has approved

the verdict, this court is without power to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means. See *Atlantic Coast Line R. Co. v. Wells*, 78 Ga. App. 859 et seq. (52 S. E. 2d 496).

The evidence as to the injuries of the plaintiff is such that this court is of the opinion that the trial court did not err in overruling this ground of the motion for a new trial.

■ Special grounds 2, 3, and 4, complain of excerpts from the charge of the court wherein the court instructed the jury that the item of pain and suffering for which the plaintiff sought damages might include humiliation in the future; might include mental suffering from deformity if they find she will be deformed and might include humiliation and mortification from the same conditions. These excerpts are also assigned as error in special ground 5 because it is contended the continuous sequence in which they were given constituted an undue emphasis on these items. All these grounds of the amended motion for a new trial contend that these excerpts from the charge are improper in that there is no evidence to support a finding by the jury of any deformity, and hence no reason for humiliation, mortification or mental suffering by reason thereof; that the stress of emphasis upon these elements of pain and suffering was tantamount to a statement by the trial court of judicial cognizance of, or assumption of sufficient evidence to prove that such humiliation, mortification, deformity and impairment of bodily vigor or health would ensue and that the plaintiff would be entitled to recover therefor at the time of trial, irrespective of whether the same followed as a result of injuries sustained in the occurrence giving rise to the cause of action.

The positive testimony of the attending dentist was to the effect that in his opinion these teeth would abscess and have to be removed at some time in the future; that this would necessitate replacement by a partial plate for a few months; that thereafter a permanent bridge could replace these teeth, but due to gold crowns and the artificial teeth themselves, they would not be as good as the original teeth and would show up in the mouth. Also his opinion was that the upper lip would become depressed after the removal of the teeth. There was no opinion, expert or

otherwise, to the contrary. The jury, therefore, was authorized to find that the teeth will have to be removed, that their replacement will be apparent, and that the upper lip will be depressed. This would be a deformity and could humiliate and mortify the plaintiff. The plaintiff made these allegations in her petition and sued for mental pain based on the marring of her appearance over the future loss of her teeth. This is a proper element of damages and is supported by the pleadings and evidence. *Social Circle Cotton Mill Co. v. Ransom*, 23 Ga. App. 605 (4) (99 S. E. 238). The sequence in which these excerpts from the charge were given was not such as to be prejudicial to the defendant. The trial court did not err in overruling these grounds of the amended motion for a new trial.

■ Special ground 6 contends that the trial court erred in charging the jury as follows: "If you believe from a consideration of all of the evidence before you together with the charge of the court that the defendant's son, Tommy Kiker, was in any manner negligent, the plaintiff in this case would still be entitled to recover, unless you believe that the negligence of plaintiff's husband, if you believe he was negligent, was the sole and proximate cause of any injuries that the plaintiff might have sustained."

This excerpt taken alone would certainly constitute error as the plaintiff would not be entitled to recover should the jury find that the defendant's son *was in any manner negligent,* unless such negligence was a part at least of the proximate cause of the plaintiff's injuries. However this excerpt was given in connection with the charge on the principal defense, that the negligence of the plaintiff's husband was the sole proximate cause of the injuries to the plaintiff. Elsewhere and throughout the charge the court made it abundantly clear to the jury that the plaintiff could not recover unless the negligence of the defendant's son was at least a part of the proximate cause of the plaintiff's injuries. He defined proximate cause, and taking the charge as a whole, the jury could not have been misled by the excerpt of which complaint is made in this assignment of error. The very excerpt complained of makes reference to the charge as a whole. This excerpt can be construed with the rest of the

charge without conflict when the whole charge is considered. *Loe v. Brown*, 155 Ga. 24 (4) (116 S. E. 309). Accordingly, the alleged error here does not fall within that class of cases which require reversal because there is an irreconcilable conflict in the charge one part of which is correct and the other part incorrect.

The answer of the defendant admitted the agency of his son who was driving his car at the time of collision, and the general grounds of the motion for a new trial have been expressly abandoned.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed.* *Carlisle, Frankum and Jordan, JJ., concur.*