50254. ATLANTA TRANSIT SYSTEM, INC. et al. v. ROBINSON et al.

WEBB, Judge.

In an action for damages because of personal injuries received in a motor vehicle collision, Mrs. Ella Mae Robinson was awarded $10,000 by the jury. Atlanta Transit and Walter H. Rodman, driver of the former's bus, moved for a new trial, which was denied, and they appeal, enumerating five alleged errors.

1. The first alleged error argued is that the damages awarded by the jury were so excessive as to justify the inference of gross mistake or undue bias.[1] Atlanta Transit and Rodman attach much significance to the amount of the award by the jury to Mrs. Robinson for her pain and

---

[1]Code § 105-2015 provides: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias."

suffering and permanent injury in contrast to a medical expense of $58. Mrs. Robinson testified, however, that she continued to have headaches, even at the time of the trial some two and one-half years after the accident, that she had been unable to do her household chores, continues to use cervical traction once or twice a week, can no longer play tennis with her husband because it causes her headaches, cannot work in her garden, cannot reach up on shelves, and cannot shampoo her hair.

There is nothing in the record to indicate that the verdict was the result of bias or prejudice on the part of the jury, and the amount was not so large as to warrant, from that fact alone, the conclusion that it was so motivated. *Fields v. Jackson,* 102 Ga. App. 117, 121 (115 SE2d 877); *N. A. A. C. P. v. Overstreet,* 221 Ga. 16, 31 (142 SE2d 816) and cits. The sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors. *Central R. & Bkg. Co. v. Dottenheim,* 92 Ga. 425 (4) (17 SE 662).

"An excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony. This court is a court for the correction of errors of law only, and this court's jurisdiction is confined to the question of whether the trial court abused his discretion in overruling the motion for a new trial on this ground. [cits. omitted]. In the present case, where the evidence most favorable to the plaintiff shows painful and permanent injuries with loss of physical function, it cannot be said that the verdict is excessive as a matter of law." *St. Paul Fire &c. Ins. Co. v. Dillingham,* 112 Ga. App. 422, 425 (145 SE2d 624). See *Jones v. Spindel,* 128 Ga. App. 88, 92 (196 SE2d 22) and cits.

2. The Transit System and Rodman contend the trial court committed reversible error in failing to give their requested charge on impeachment of a witness, namely, Mr. Hill, himself one of the defendants.

Mr. Hill was the driver of a Ford van truck involved in the multi-vehicle collision. There was read to him, from his deposition apparently never introduced in evidence, the question, "was your vehicle to your knowledge turned

toward the right at all before this incident occurred?" and his response thereto, "I don't remember." On cross examination at the trial nine months after the giving of the deposition he stated that his vehicle was in a straight line, that it wasn't at an angle. But Mr. Rodman, one of the defendants and an appellant now, the driver of the bus involved in the collision, himself testified at the trial that the Hill vehicle was pointed straight ahead and not at an angle. Thus there was no real question as to whether or not the van driven by Hill was at an angle, since he and Rodman who bumped his vehicle both testified that it was straight ahead and not at an angle. A witness may be impeached by contradictory statements, and such may be done when the witness says he does not recollect such statements, *"if the same be relevant to the issue on trial."* *Estill v. Citizens & Southern Bank,* 153 Ga. 618, 621 (113 SE 552) (emphasis supplied.); *Sealy v. State,* 1 Ga. 213 (44 AD 641). Rodman's corroboration of Hill's statement left no relevant issue as to the position of Hill's van, and there was no error in refusing Atlanta Transit's and Rodman's request for a charge on impeachment.

3. A third enumerated error claimed is the charge of the trial court on the "alleged permanent impairment" to Mrs. Robinson's bodily capacity. That part of the court's charge was set out in extenso. From our consideration of it, the charge seems to clearly convey to the jury that it was for them to determine if Mrs. Robinson was in fact injured, and, if so, does such injury continue to trouble her, or has any incapacity which may have resulted from the collision terminated. The charge seems to have been fair, balanced, supported by the evidence, and without favor to any party to the action. There is no merit in this ground.

4. The other two grounds, not having any argument or citation of authority thereon, are deemed abandoned and will not be considered. Rule 18 (c) (2), this court.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED MARCH 5, 1975.

*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr., Jacobs, Jacobs & Davis, John F. Davis,* for appellees.