## 51375. BARKER v. CRUM TRUCKING COMPANY, INC.

MARSHALL, Judge.

This appeal flows from a damage suit arising out of an automobile collision occurring on Interstate Highway 1-75 in Tift County, Georgia. The evidence established that the tractor-trailer of defendant Crum Trucking Company ran into the rear of the vehicle in which the plaintiff Barker was a passenger, causing personal injury to Barker. A jury found the defendant negligent and liable for a monetary verdict of $1,000 in favor of Barker. Barker brings this appeal alleging a grossly inadequate verdict. *Held:*

1. Plaintiff Barker offered evidence that he suffered injuries which resulted in medical and hospital expenses of $450.94, and lost wages of $6,310.72, making a total damage shown by the evidence of $6,761.66. The jury returned a verdict in favor of Barker for $1,000.

The evidence further reflected that Barker was never hospitalized and that he only suffered a lump on the forehead and a bruised right knee as an immediate consequence of the accident. At the time of the accident, he was examined by a doctor but only took aspirin for a headache. He subsequently was treated as an outpatient upon return to his home in the State of Washington, at this time complaining of stiff muscles in his right shoulder and neck. He alleged he was unable to work at all for four months and at a reduced rate for two additional months. Barker also admitted that he had not lost any work during the year preceding the trial. He stated he experienced continuing pain in the shoulder and neck but was able to work.

Such facts did not demand a finding that Barker was precluded from being gainfully employed for six out of the eight months following the accident. The jury could have believed that Barker was out of work because of lack of demand for labor of the type in which he had been engaged previously (logging) or as a matter of choice or convenience. The damages returned by the jury were not disproportionate to the out-of-pocket expenses incurred by Barker, nor inconsistent with a finding that Barker's

injuries were minimal. It cannot be said, as a matter of law, that the verdict was so inadequate or so small as to justify an inference of gross mistake or undue bias. *Johnson v. Cook,* 123 Ga. App. 302 (1) (180 SE2d 591).

2. Barker also enumerates as error the refusal of the trial court to admit into evidence the 1958 Standard Mortality Tables and to give two related requested charges dealing with permanent personal injuries and loss of future earnings. The refusal of the trial court to admit this evidence and to give the requested charges apparently was based upon medical testimony to the effect that the injuries appeared to be temporary. However, Barker testified to the nature and extent of his injuries, that he had suffered much pain and still suffered from his injuries almost three years after the infliction thereof. The jury would have been authorized to infer that the effect of the injuries could be permanent from the character of the suffering and the length of time it had continued. This is true even though a physician testified that the injuries were temporary. The question was for the jury, who could, if they saw fit, attach as much probative value to the testimony of the person injured as to the opinion of the physician. *City of Macon v. Yaughn,* 83 Ga. App. 610, 612 (64 SE2d 369); *Southern R. Co. v. Petway,* 7 Ga. App. 659 (67 SE 886). It was error to refuse to admit the evidence or to give the charges for the reason assigned. We will not speculate what effect such evidence framed by appropriate instructions might have upon a verdict for damages. Suffice it to say, we believe the error to have worked prejudice in this case and requires a new trial. *Macon R. &c. Co. v. Streyer,* 123 Ga. 279 (51 SE 342).

The remaining enumerations of error deal with (1) the refusal to admit a document the substance of which was placed before the jury by Barker, and (2) the admission of evidence elicited from Barker's wife that she had filed a separate suit for injuries arising out of the same accident where such evidence was offered and admitted for the limited purpose of showing the interest of the plaintiff's witness. These enumerations are without merit.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED JANUARY 16, 1976 —
REHEARING DENIED JANUARY 30, 1976.

*Kunes & Kunes, G. Gerald Kunes,* for appellant.
*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.