57400, 57402, CALLOWAY v. ROSSMAN (two cases).
57401. CALLOWAY v. ROSSMAN et al.

McMURRAY, Presiding Judge.
On May 8, 1977, Phillip G. Rossman, his wife, Diane Rossman, and their daughter, Amy Rossman, were riding in an automobile driven by Phillip G. Rossman when it collided with a motor vehicle owned by Roscoe Wingate in which Wingate and James Floyd Calloway were riding. This occurred at the intersection of two roads in Colquitt County, Georgia. Mrs. Rossman was killed and the other two Rossmans were injured.

Case No. 57400 involves the suit of Phillip G. Rossman against the defendants Roscoe Wingate and James Floyd Calloway for the personal injuries he sustained in the collision. Case No. 57401 involves the wrongful death action brought by Phillip G. Rossman and his daughter, Amy, to recover for the wrongful death of his wife and the mother of Amy. Case No. 57402 involves an action to recover for the personal injuries of Amy Rossman by her father as next friend. In each of the three cases the plaintiffs sought punitive damages from each of the defendants. Numerous counts were alleged in the alternative inasmuch as there was an uncertainty as to who was driving the truck which collided with the plaintiff Phillip G. Rossman's vehicle and also negligent entrustment was alleged as to each of the defendants in allowing the other to drive inasmuch as it was alleged that the negligent acts resulting in the collision were due to the wilful, wanton, reckless operation of same while the operator was impaired by excessive consumption of alcohol.

The three cases were consolidated for trial. The jury returned special verdicts in each case finding that defendant James Floyd Calloway was driving the truck at the time of the collision and defendant Roscoe Wingate negligently entrusted the vehicle to the other defendant. Actual damages were awarded to the plaintiffs in each case and also punitive damages. Judgments were duly entered pursuant to the verdicts in each case. Defendant Wingate did not appeal the judgments but the defendant Calloway has appealed in all three cases. *Held:*

1. The major factual issue involved in the three cases was the question of whether the defendant Calloway or the defendant Wingate was driving the vehicle in which they were riding at the time it collided with the vehicle in which plaintiffs were riding. The testimony of the defendants was in direct conflict as to who was driving the truck, each denying that he was driving the truck and each contending the other was driving the truck at the time of the collision.

The first enumeration of error concerns the refusal of the trial court to allow a witness to testify as to his opinion as to who was driving the vehicle based on facts to which

he had previously testified. Objection was made that the question called for a conclusion from this witness who had testified at length as to his observations made when he arrived at the scene. Objection was also made that the witness had not been established as an expert so as to give his opinion based upon the facts he had observed.

The witness had testified that he was a civil defense director with approximately 15 years experience and almost six years as a director of emergency medical services in a county fire department. He further testified he had responded to numerous incidents of wrecks of automobiles over the years. He testified fully as to what he found and saw at the scene when he received a call concerning the collision and as to the persons found in the vehicles. However, he did not qualify as an expert as to the investigation of automobile collisions, but as a witness he could form an opinion from what he saw and observed.

All of the facts and circumstances with reference to the scene within this witness' knowledge had been presented before the jury by him in such a way that the jury could draw their inference as well as the witness as to what party was driving the vehicle in question. It, therefore, would be superfluous to allow this witness to add by way of testimony his opinion as to who was driving as the jury might well draw such inference for themselves from the facts. See *Taylor v. State,* 135 Ga. 622 (6) (70 SE 237); *Shiver v. Tift,* 143 Ga. 791, 795 (3) (85 SE 1031). Compare *Dual S. Enterprises, Inc. v. Webb,* 138 Ga. App. 810 (227 SE2d 418). Even if the trial court would have been authorized to allow this testimony as to the witness' opinion the situation did not demand same, and no abuse of discretion has been shown in the court's ruling which would leave this issue completely for jury determination as to which person was driving the truck based upon the evidence presented. There is no merit in this complaint.

2. The trial court did not err in refusing to strike the testimony of another witness based on hearsay as to seeing the defendant Calloway driving the defendant Wingate's truck on the day of the collision shortly before the collision and near the scene. The mere fact that the witness remembered seeing the defendants on Mother's

Day in May of 1977 (May 8, 1977) and later heard of the collision involving them occurring on that date, which caused him to recollect seeing them on that date shortly before the collision would not make his testimony as to seeing the defendants near the scene shortly before the collision hearsay.

3. The general rule as to impeachment of a witness by contradictory statements previously made by him as to matters relevant to his testimony and to the case has been fully set forth in *Estill v. Citizens & Southern Bank,* 153 Ga. 618 (7), 627 (113 SE 552). However, at p. 628 of that opinion it sets forth an exception to the general rule, with reference to written statements made under oath in connection with some judicial proceedings which may be allowed without any foundation being laid therefor. It is therein stated that, "[d]epositions of a witness previously taken out in a cause can be used to impeach a witness without first laying the foundation." But whether or not the method of impeachment was proper under the circumstances, the trial court granted counsel ample opportunity to put the witness back on the stand where he could seek to impeach the witness by way of interrogatories. Even if the court had allowed counsel to proceed the witness still would have been allowed to retake the stand and explain the matter in order to rebut its discrediting effect. See in this connection *Lexington Developers, Inc. v. O'Neal Const. Co.,* 145 Ga. App. 309, 312-313 (243 SE2d 577).

A reading of the witness' testimony discloses that on cross examination he was thoroughly examined as to his prior statements which were somewhat inconsistent admitting that he was wrong in previously testifying by deposition the reason he went to get the other defendant. He was thoroughly cross examined as to his statements made in the interrogatories. Further, it is not shown that some of the answers to his interrogatories resulted in conflicting statements, and the trial court properly handled the matter by allowing counsel to recall the witness if he so desired and further examine him with reference to inconsistent statements previously made in answers to certain interrogatories.

4. The evidence here was ample to authorize a

charge as to Code § 105-2002 regarding the aggravating circumstances arising out of the incident which would authorize the jury to give additional damages to deter the wrongdoer from repeating the trespass. *Townsend & Ghegan Enterprises v. W. R. Bean & Son, Inc.,* 117 Ga. App. 109 (159 SE2d 776); *Jackson v. Co-op Cab Co.,* 102 Ga. App. 688 (117 SE2d 627); *Golosky v. Wherle,* 117 Ga. App. 335 (160 SE2d 614). The testimony authorizing same was to the effect that the defendants had been drinking beer and whiskey literally all day and were "pretty well intoxicated," just prior to the collision.

5. Defendant contends that the trial court erred in refusing to charge on comparative negligence based on the testimony of the plaintiff Phillip Rossman that he saw the headlights at the intersection and assumed the car was going to stop. However, the driver of the Rossman vehicle, plaintiff Phillip Rossman, had the right of way at this intersection. His testimony in this regard was that "it all happened in such a short period of time — the time I saw the lights and the time I let my foot up and the time of the collision. Just — there wasn't any span of time elapsed in there." The sole conclusion here reached from the testimony is that his acts do not amount to negligence so as to authorize a charge on comparative negligence. See *Ga. Power Co. v. Blum,* 80 Ga. App. 618 (2) (57 SE2d 18); *Stapleton v. Amerson,* 96 Ga. App. 471, 472 (3) (100 SE2d 628).

6. The trial court did not err in allowing the plaintiff Phillip Rossman to testify that the compensation paid by his business to his deceased spouse was not a direct reflection of the actual work she performed. The witness gave in detail the basis for his opinion as to the relationship of the salary his wife received to the work she performed. See *Lankford v. Milhollin,* 200 Ga. 512 (3), 518 (37 SE2d 197); *Bryan v. Walton,* 20 Ga. 480 (3); *Macon & W. R. Co. v. Johnson,* 38 Ga. 409, 410 (5). Clearly, the witness was authorized to testify as to a matter of opinion having stated the facts upon which it was based.

7. The trial court did not err in charging the jury concerning the factors that could be considered in arriving at the full value of the life of the deceased. The amount of its finding was a matter entirely within the

purview of the jury, and the court properly instructed them in the methods they might use in arriving at the cash value of the decedent's life. See in this connection *Pollard v. Boatwright,* 57 Ga. App. 565 (196 SE 215); *Miller v. Tuten,* 137 Ga. App. 188, 190 (1) (223 SE2d 237); *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 572 (5,6) (84 SE 69).

8. In determining the full value of the life of the decedent the jury could not only consider the monetary value of her services, but could also consider the value of the services rendered by her which were hardly capable of exact proof. See *City of Macon v. Smith,* 117 Ga. App. 363, 375 (160 SE2d 622); *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466 (3), 471 (18 SE 816). In order to set the verdict aside as excessive the evidence must be shown to be so unreasonable as to show that it was the result of passion, prejudice, partiality or undue bias on the part of the jury. See *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 593, supra; *Blue's Truck Line, Inc. v. Harwell,* 59 Ga. App. 305 (2), 310 (200 SE 500). From all the facts and circumstances of this case in considering the facts of this wife and mother's past, present and future earnings, as well as her extrinsic value to her family, we cannot say the verdict was excessive or the result of gross mistake, undue bias and prejudice. There is no merit in the complaint that the verdict was not supported by the evidence and was excessive as a matter of law.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED MARCH 7, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Divine, Wilkin, Deriso & Raulerson, R. Kelly Raulerson,* for appellant.

*Moore & Chambliss, C. Saxby Chambliss, Whelchel, Whelchel & Carlton, Hoyt H. Whelchel, Jr.,* for appellees.