68727. ALTERMAN FOODS, INC. v. CATHCART.
(324 SE2d 513)

McMurray, Chief Judge.

This is a slip and fall case. Plaintiff fell as she entered defendant's supermarket resulting in certain injuries. At trial the jury returned a verdict in favor of plaintiff in the amount of $43,541.75 ($40,000 general damages; $3,541.75 special damages). Defendant appeals. *Held*:

1. Defendant contends that the verdict is not authorized by the evidence presented at trial. Plaintiff's evidence shows that at the entrance to defendant's supermarket was an automatic door with a metal threshold. After plaintiff fell her son noticed that the threshold was loose. The manager of the supermarket testified that he was not aware anything was wrong with the threshold at the time of plaintiff's injuries, but acknowledged that prior to plaintiff's injury the threshold in question had "worked loose" repeatedly (screws securing the threshold would come out) and that the threshold had been repaired 10 or 15 times. Plaintiff testified that as she approached the threshold she did not see any indication of a hazard, nor anything unusual. Thus, plaintiff has presented evidence as to the two elements of a slip and fall case (1) fault on the part of defendant and (2) ignorance of the danger on the part of plaintiff. *Moss v. Atlanta Housing Auth.*, 160 Ga. App. 555 (287 SE2d 619); *Johnson v. Ga. Kraft Co.*, 167 Ga. App. 585, 586 (2) (307 SE2d 103). See also *Joyner v. Sandefur Mgt. Co.*, 168 Ga. App. 854, 856 (3 (a)) (310 SE2d 578).

Defendant contends that plaintiff failed to carry her burden of proof that any negligence, act or omission of defendant was the proximate cause of her fall in the store. "[W]here no theory of causation at all is established by the evidence there can be no recovery." *Lewis v. Drake*, 116 Ga. App. 581, 582 (158 SE2d 266). However, the record discloses that the plaintiff demonstrated to the jury the manner in which she fell and the demonstration was conducted in relation to an imaginary threshold. The following occurred during direct examination of plaintiff: "Q. Now, just tell the jury how you fell. Now, you may come down and demonstrate it. Perhaps it would be better than the words. A. Yes, I probably can. Q. Let this be the threshold from

this court reporter to me, imagine there is a piece of metal across — do you understand what I'm driving at? A. Okay. Q. Here, let me make a better — there is a pointer here somewhere. Let this be a threshold. All right. Just tell the members of the jury how it happened. A. Okay. I walk in and I step and fell like that. Q. All right. A. And my head hit the floor. Q. All right. Now you may get up."

"There is a presumption in favor of the regularity and legality of all proceedings in superior court. [Cits.]" *Murer v. Howard*, 165 Ga. App. 230 (299 SE2d 151). The burden is on the party who asserts error to show it affirmatively by the record. *Myers v. Dept. of Human Resources*, 162 Ga. App. 885, 886 (293 SE2d 480); *Smith v. Mack*, 161 Ga. App. 95, 96 (289 SE2d 299). In determining whether the evidence is sufficient to support a verdict, we must construe all evidence and every presumption and inference arising therefrom most favorably toward upholding the verdict. *Gilman Paper Co. v. James*, 235 Ga. 348, 350 (219 SE2d 447); *Pepsi-Cola Bottling Co. of Dothan v. First Nat. Bank of Columbus*, 248 Ga. 114, 115 (1) (281 SE2d 579). Insofar as the transcript of the trial is incomplete in that it fails to set forth the nature of plaintiff's demonstrative evidence vis-à-vis the (imaginary) threshold we must presume that evidence was presented sufficient to sustain the jury's finding of proximate cause. *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339, 340 (2) (301 SE2d 292); *Stefan Jewelers, Inc. v. Berry*, 163 Ga. App. 626 (2) (295 SE2d 373); *Jackson v. Jackson*, 243 Ga. 338 (253 SE2d 758).

Plaintiff had given a history, to an urologist who treated her, of having fallen on her pubis. The urologist responding to a hypothetical question which described plaintiff's fall as "on her lower abdominal or lower stomach area," testified that in his opinion within a reasonable degree of medical certainty plaintiff's fall aggravated plaintiff's previous bladder difficulty. Any conflicts in the evidence were resolved in favor of plaintiff. *Gen. Trailer Services v. Young Engineering*, 149 Ga. App. 721, 722 (3) (256 SE2d 35); *Kent v. Hunt & Assocs.*, 165 Ga. App. 169, 172 (9) (299 SE2d 123).

2. Defendant's contention that the trial court erred in denying defendant's motion for directed verdict on the issue of medical expenses as an item of special damages is predicated on the dissenting opinion in *Taylor v. Roberson*, 127 Ga. App. 24, 31 (192 SE2d 384). The language upon which defendant relies from *Taylor* involved the application of former Code Ann. § 53-510 which was repealed by Ga. L. 1979, pp. 466, 491. This enumeration of error is without merit. Compare *Dawes Mining Co. v. Callahan*, 154 Ga. App. 229, 233 (4) (267 SE2d 830); *Old Dominion Freight Line v. Martin*, 153 Ga. App. 135 (264 SE2d 585).

3. Defendant contends that the trial court erred in failing to charge the jury that, "negligence may not be inferred from the mere

happening of an event. The fact that an accident has occurred, and the plaintiff may have sustained injury or damages does not of itself afford a basis for recovery against the defendant." See in this regard *Brown v. Kirkland*, 108 Ga. App. 651, 655 (3) (134 SE2d 472). However, the trial court instructed the jury that "the plaintiff cannot recover for any alleged damages which were not proximately caused by the negligence, if any, of the defendant." As the substance of defendant's requested charge was covered by the charge given this contention is without merit. *Dawes Mining Co. v. Callahan*, 154 Ga. App. 229, 233 (5), supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1984 —
REHEARING DENIED DECEMBER 3, 1984 ▮▮▮▮▮▮▮▮▮

*James C. Gaulden, Jr.*, for appellant.
*Charles E. Muskett*, for appellee.