## 71824. SOUTHERN RAILWAY COMPANY v. OLIVER.
(341 SE2d 270)

BIRDSONG, Presiding Judge.
Employee Injury — Federal Employees Liability Act. This suit

involves personal injury to one of Southern Railway Company's employees and is brought under the provisions of the Federal Employees Liability Act (45 USC § 51 et seq.). Construing the evidence in the light most favorable to sustain the verdict, we find evidence as follows: Mrs. Oliver was employed by Southern in its data machine offices as a data input operator. At the time of the injury involved, Mrs. Oliver worked on the second shift which basically worked from the middle of the afternoon until late evening. The first shift preceded the second from morning until the middle of the afternoon. The area in which Mrs. Oliver worked was a long room with a double row of data machines. Before each machine was an adjustable stool which was supported upon a column for height and had a back for support. Because employees of different shifts used the same data machine and sat in the chair before each machine, the chairs provided by Southern were adjustable in height to fit the comfort needs of the particular data input operator working at that particular machine on the particular shift. These chairs or stools had been in the data input room for several years. It was common practice for an employee to adjust the height of the stool at the beginning of each shift or sometime during the shift if the chair was not at the proper level. There was substantial evidence that on numerous occasions many of the chairs had presented problems to the employees when height adjustments had been attempted. Those most commonly occurring were that the pin that held the chair column in place would stick; that the back of the chair would fall off leaving the person without back support and on occasion the pin would slip allowing the chair to drop suddenly. These problems had been brought to the attention of the room supervisor on several occasions but Southern had provided no different stools.

On the date in which the injury involved in the case occurred, Mrs. Oliver reported to work during the second shift. She accepted the chair at her station and commenced her work. Sometime thereafter, she became uncomfortable because the stool was not high enough for her comfortably to use the machine's keyboard. In accordance with the usual practice, Mrs. Oliver sought and obtained the assistance of a fellow worker to release the pin holding the column. The stool was designed to raise or lower with relative ease when the pin was released. When Mrs. Oliver's fellow worker indicated the pin had been released, Mrs. Oliver tugged on the stool to raise it to the next notch. However, the stool stuck and this tug or jerk of the heavy stool caused a pain in Mrs. Oliver's back, a pain she had not experienced before. She went to a company doctor who diagnosed her as having an acute lumbar back strain.

From the period of August 25, 1981 until September 8, 1981, Mrs. Oliver was seen by several different doctors on five different occa-

sions. On the first four occasions, the doctors directed Mrs. Oliver not to return to work. On September 8, 1981, a company doctor found Mrs. Oliver no longer disabled and authorized her return to work. Mrs. Oliver returned to her work site on September 9 and remained there for approximately four to five hours. She stated she experienced such great discomfort that she left her shift. Mrs. Oliver returned to the company doctor on September 11 and he again advised her to return to work.

Because she was still experiencing discomfort, Mrs. Oliver went to another doctor on September 14. This doctor diagnosed Mrs. Oliver as having a lumbosacral strain aggravated by radiculopathy (or nerve pain) radiating into her leg. He diagnosed this as being the result of a nerve root injury at the L-5 level of the spine. Mrs. Oliver continued under the care of this doctor on up until the time of the trial. This doctor conducted a conservative treatment of Mrs. Oliver, considering her unable to work at a sitting position before a data input machine until April 5, 1982. On that date, the doctor considered that even though Mrs. Oliver might continue to experience discomfort, she could be as comfortable at work as at home. Twice during the time of care under her personal physician, Mrs. Oliver was examined by a company physician, once on October 2, 1981 and again on February 1, 1982. While the company doctor detected some painfulness and recognized the diagnosis of acute lumbosacral strain, he was not asked to evaluate Mrs. Oliver as to her ability to work.

Mrs. Oliver testified that after her return, she had continued to work from April 1982 until the date of trial even though she had continued to experience discomfort. Mrs. Oliver offered evidence that she had lost wages of $11,500 as the result of her absence from August 25, 1981 until April 6, 1982. She also offered extensive evidence as to the pain she had suffered in the past and probably would continue to suffer in the future. After extensive instructions by the trial court, the jury returned a generalized verdict in favor of Mrs. Oliver in an amount of $65,000 which was made the judgment of the court. Southern moved for a new trial on several grounds which was denied by the trial court. It is that denial of its motion for new trial that forms the basis of this appeal by Southern. *Held*:

1. The first three of Southern's enumerations of error deal with the failure of the trial court to give requested charges. In the first rejected request, Southern asked for a charge on Mrs. Oliver's obligation to mitigate her damages and minimize her economic loss by resuming gainful employment as soon as she could do so reasonably.

We first observe generally, that a request to charge must correctly state the legal principles involved, must not be argumentative and must be adjusted to the evidence. See *Berman v. Berman*, 253 Ga. 298, 299 (319 SE2d 846); *Haley v. Oaks Apts.*, 173 Ga. App. 44, 46

(325 SE2d 602); *Thico Plan v. Ashkouti,* 171 Ga. App. 536, 541 (320 SE2d 604); *Fowler v. Gorrell,* 148 Ga. App. 573, 576 (251 SE2d 819).

The first charge requested by Southern but denied by the court violated each of these three principles. Mrs. Oliver was required under the law to mitigate her damages only to the extent as is practicable by the use of ordinary care and diligence. The requested charge charged her in effect with failing to take reasonable steps to effect a healing or to return to work when physically possible to do so. There is no evidence that Mrs. Oliver did not respond to or cooperate with every order of her several doctors or that she did not return to work when ordered to do so. The evidence that she was found to be able to work by company doctors was rebutted by evidence that she experienced incapacitating pain when she obeyed those directions. All the evidence after her return to work on September 9, 1981, was consistent with a diagnosis that Mrs. Oliver continued to suffer from a severe lumbosacral strain. She was released by her doctor on April 6 still experiencing discomfort but able to work. The charge as requested would have required her to return to work before being released if she was physically able irrespective of the amount of discomfort. Thus the charge was both argumentative and it incorrectly stated applicable legal principles. Under such circumstances, the trial court did not err in refusing the charge as requested. Moreover, the substance of the principles, if correctly incorporated into the request, was in fact given to the jury in the charge of the court on the duty to mitigate. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (3), 18 (195 SE2d 417). This enumeration is without merit.

2. In its second request to charge, Southern sought to limit its responsibility to the usual and reasonable equipment furnished in its business without having to furnish the newest and best equipment in order to avoid potential liability. Clearly this request was argumentative for the test was not that Southern could have furnished newer, better or safer stools but that the stools actually furnished were subject to malfunction and this was known to Southern without correction. No evidence was before the jury that a different stool was available or that a different design would have precluded the injury. Moreover, the actual charge of the jury brought to the attention of the jury the obligation of the employer to furnish a safe working place including equipment, whether the evidence showed Southern had furnished such a work place, and whether the continued use of the stools was reflective of the exercise of due care, realizing that the employer is not the guarantor or insurer of the work area or safety of the employee. Thus, the charge requested and denied in this asserted error, as in the first request hereinbefore discussed, was argumentative as requested and the principles as raised by the evidence were given to the jury in adequate degree and scope. The refusal to charge as re-

quested thus was not error. *Gates v. Southern R. Co.*, 118 Ga. App. 201, 203 (162 SE2d 893).

3. The third rejected charge called for an instruction that if Mrs. Oliver was engaged in the ordinary activities called for at her work site and she performed her duties in the usual and normal way then Southern could not be liable for her injuries. This too is an argumentative request. There never was any question before the jury that Mrs. Oliver had to use the stool provided her and that she had to adjust it to suit her comfort. There was never any question that she and her fellow employee followed the usual custom in attempting to adjust the stool. Thus under the requested instruction, Mrs. Oliver could never recover irrespective of any degree of negligence by Southern in furnishing a balky stool, for admittedly Mrs. Oliver was faced with a common problem and sought to solve it in the usual manner. The actual charge of the court correctly placed the appropriate principles before the jury for the resolution of the issue of negligence. This enumeration is without merit.

4. Southern argues in one enumeration of error that the trial court erred in allowing evidence of another accident involving a stool which, rather than a sticky stool, involved a back falling off a chair and the employee falling out of the chair. The argument proceeds on the ground the two incidents were too dissimilar for the one to be relevant to the other. However, Southern had sought to show through the floor supervisor that the stools presented no real problem for the employees and that no complaints had been voiced to the supervisor by the employees. Evidence was then offered that the supervisor was aware of problems with the stools and had been involved in other incidents. Thus this evidence, though somewhat different in nature, directly involved knowledge of the troubled use of the stools in dispute and was offered and admitted as impeachment of the testimony of Southern's supervisor. Any evidence is relevant which basically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. *Allen v. State*, 137 Ga. App. 755, 756 (224 SE2d 834).

5. The last two enumerations of error deal with the sufficiency of the evidence to support a compensable injury and the alleged excessiveness of the verdict. In the first place, we observe that with reference to actions in a superior court tried upon the facts before a jury, even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the jury were authorized by the evidence, such findings will not be set aside. *Williams v. Mathis*, 237 Ga. 305, 306 (227 SE2d 378); *Brook Forest Enterprises v. Paulding County*, 231 Ga. 695 (203 SE2d 860). Where the trial judge approves the ver-

dict, the sole question for determination is whether there is any evidence to authorize it, not with a consideration with a view toward upsetting it. *Hieber v. Watt*, 119 Ga. App. 5, 9 (165 SE2d 899). We find that necessary quantum and quality of evidence in this case. Likewise, questions concerning the amount of damages to be awarded for pain and suffering, past, present and future are for the enlightened conscience of the jurors. *Baldwin v. Davis*, 188 Ga. 587 (8) (4 SE2d 458); *Turner v. Joiner*, 77 Ga. App. 603 (4a) (48 SE2d 907). We decline to substitute our judgment based upon a cold record for that of enlightened jurors who heard the evidence and saw the witnesses. These last enumerations of error are without merit.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 7, 1986.

*Eileen M. Crowley, Keith J. Reisman*, for appellant.
*John K. Dunlap*, for appellee.