72903. GREAT ATLANTIC & PACIFIC TEA COMPANY
v. TURNER.
(349 SE2d 537)

DEEN, Presiding Judge.

On September 6, 1986, as she was exiting the A&P Food Store in Columbus, Georgia, the appellee, Marie Turner, tripped over the metal threshold to the automatic door and fell. She suffered injuries to her left knee and ankle which ultimately required surgical procedures to remove inflamed tissue.

Although Turner admitted that she was a frequent patron of the store, she claimed that she had never noticed the metal threshold because it was obscured by the door. On the day she fell, she had proceeded to walk through the doorway without looking down, as she normally did, when her left shoe caught on a one-inch gap between the threshold and the floor. She also testified that the rubber mat before the threshold was quite worn at the time. Testimony of other witnesses corroborated Turner's claim about the threshold gap and the worn rubber mat. One witness, who also frequently shopped at the store, testified that during several trips to the store before Tur-

ner's fall, she had noticed that the threshold was loose, although she had never reported this condition to any A&P employee. Witnesses for the A&P Food Store denied the existence of any threshold gap or worn rubber mat.

The jury returned a verdict for Turner in the amount of $140,000. On appeal, A&P contends that the trial court erred (1) in denying its motions for directed verdict and for judgment notwithstanding the verdict; (2) in allowing into evidence a mortality table; and (3) charging the jury on permanent disability and use of the mortality table in determining the amount of damages to award Turner. *Held*:

1. Construing the evidence most favorably to upholding the jury verdict, the verdict was not contrary to law or the evidence. "[T]he basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury." *Inglett v. Winn Dixie*, 168 Ga. App. 192, 194 (308 SE2d 587) (1983). There was evidence of a gap between the threshold and the floor, and that this defective condition had existed for a considerable period of time. This evidence authorized a finding that the defendant had been afforded a reasonable time within which to inspect and remove the hazard, and thus knowledge of the condition was imputable to the defendant. See generally *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980); *Gold & White v. Long*, 159 Ga. App. 259 (283 SE2d 45) (1981); but compare *Roberts v. Wicker*, 213 Ga. 352 (99 SE2d 84) (1957). A&P contends that Turner had equal knowledge by virtue of her frequent patronage of the store and the open and obvious nature of the threshold, and invokes the general rule that an invitee must use all her senses in a reasonable measure to discover and avoid those things that might injure her. *McGrew v. S. S. Kresge Co.*, 140 Ga. App. 149 (4) (230 SE2d 119) (1976). However, the evidence showed that the threshold was mostly concealed by the door when closed, and while the frequency of Turner's visits may have authorized the jury either to reject her claim that she had never noticed the threshold or to find that she should have noticed the condition, certainly neither conclusion was demanded as a matter of law. Compare *McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420) (1951). In summary, Turner presented evidence of fault on the defendant's part and ignorance of the hazard on her part, and the trial court thus properly declined to direct a verdict for A&P or grant judgment notwithstanding the verdict. See *Alterman Foods v. Cathcart*, 172 Ga. App. 809 (324 SE2d 513) (1984).

2. Over A&P's objection, the trial court instructed the jury that it could award damages for diminution of Turner's earning capacity, and admitted into evidence a mortality table to be used in calculating

such damages. A&P contends that there was no evidence of permanent impairment. A jury charge on and award for diminution of earning capacity is authorized where there is evidence that the plaintiff's capacity to labor and earn money has been permanently impaired, evidence of the pre-injury earning capacity, and evidence of the nature and extent of the disability. *Michaels v. Kroger Co.*, 172 Ga. App. 280 (322 SE2d 903) (1984). Although this is a close case, we conclude that the evidence was sufficient to support the charge and award.

We note that Turner's own treating physician declined to indicate any percentage of permanent disability and in fact, two weeks before the trial, anticipated that she probably would be ready for full work in a couple of months, and that Turner had actually returned to work at the time of the trial. However, Turner testified that she still was physically impaired, unable to perform completely her usual job duties as nurse, and still experienced pain; indeed, her employer was making efforts to assign her easier shifts. From this evidence, the jury could determine some degree of permanent impairment, notwithstanding the lack of definite medical evidence. *Barker v. Crum Trucking Co.*, 137 Ga. App. 435 (224 SE2d 53) (1976); see especially, *Jones v. Hutchins*, 101 Ga. App. 141 (113 SE2d 475) (1960). The use of the mortality tables was permissible, and the trial court's jury instruction on such use properly emphasized that the jury must first find a permanent impairment. *Southern R. Co. v. Daniell*, 102 Ga. App. 414 (116 SE2d 529) (1960).

3. A&P's contention that the jury verdict of $140,000 must be set aside as excessive is without merit. Since at the time of the trial, Turner's accumulated medical expenses were $14,711.55, most of the jury award obviously was for her past, present, and future pain and suffering, a determination of which is generally for the enlightened conscience of the jury. *Southern R. Co. v. Oliver*, 177 Ga. App. 729 (341 SE2d 270) (1986). In this case, we cannot condemn the award of $140,000 as flagrantly outrageous or monstrous. Compare *Seaboard System R. v. Taylor*, 176 Ga. App. 847 (2) (338 SE2d 23) (1985).

Insofar as the special concurrence implies that in the motion for new trial A&P based its attack on the verdict as excessive solely on the evidentiary and jury charge issues, it should be noted that in the actual motion, A&P contended *generally* that the verdict was excessive as a matter of law. It must also be noted that, contrary to what is suggested in the special concurrence, this court has never distinguished its review of cases where the appellant raised the issue of excessive damages in a motion for new trial from its review of cases where the appellant first enumerates the error in a direct appeal. *Kiker v. Davis*, 103 Ga. App. 289 (118 SE2d 861) (1961) and *Shepherd Constr. Co. v. Vaughn*, 88 Ga. App. 285 (76 SE2d 647) (1953), relied upon by the special concurrence, merely declare that this court

will ordinarily place great confidence in the discretion of the trial court. In either situation, this court has the task of deciding whether the jury award was excessive as a matter of law, and can set aside the verdict when the award is excessive.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

While I agree fully with Divisions 1 and 2 of the opinion, I must explain my concurrence in the conclusion reached in Division 3.

The question of excessiveness can generally come to us in one of two ways. Depending on its posture in the record, our function in reviewing it differs somewhat.

If the question was presented to the trial court in a motion for new trial and denied, and that denial alone is appealed, we consider only whether the trial court abused its discretion. In applying OCGA § 51-12-12 to the question, the trial court has a great deal of leeway, because it has the benefit of seeing and hearing the evidence presented to the jury, simultaneously and in toto, with all of the evidentiary baggage which accompanies the communication of words. This point is made in *Atlanta Transit System v. Robinson*, 134 Ga. App. 170 (1) (213 SE2d 547) (1975).

If, however, the question is presented directly to this Court, now that a motion for new trial is not a prerequisite for appeal (OCGA § 5-6-36; *Hulsey v. Sears, Roebuck & Co.*, 138 Ga. App. 523, 524 (1) (226 SE2d 791) (1976)), then of course we do not measure it in terms of the exercise of the trial court's discretion. Instead, we would have to apply OCGA § 51-12-12 ourselves. Since we are a court only for the correction of errors of law, we would have to come to the conclusion that "the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias" as a matter of *law*.

The distinction is made in such cases as *Kiker v. Davis*, 103 Ga. App. 289, 290 (1) (118 SE2d 861) (1961), and *Shepherd Constr. Co. v. Vaughn*, 88 Ga. App. 285, 294 (8) (76 SE2d 647) (1953). See also *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (3) (305 SE2d 134) (1983); *Calloway v. Rossman*, 150 Ga. App. 381, 386 (8) (257 SE2d 913) (1979).

In the present case appellant presented the excessiveness contention to the trial court, arguing that it was excessive as a matter of law *because* it was the result of jury "prejudice" brought on by the court's erroneous admission of the mortality table in evidence and by its erroneous charge regarding permanent disability and use of the table. The trial court denied the motion "on the grounds set forth in defendant's motion."

On appeal, the enumeration is that the trial court erred in deny-

ing a new trial because the verdict is excessive as a matter of law, jury prejudice being shown by the admission of the table and by the charge. In this posture, we are faced with whether the trial court abused its discretion. We obviously must find that it did not, as we found no error in the evidence ruling or in the jury instruction. Those being the only bases upon which the trial court was urged to infer "prejudice," and the only supports for the contention of excessiveness, I perceive no abuse of discretion because the trail court was correct as a matter of law. There being no other ground urged to support an inference of gross mistake or undue bias, a conclusion of excessiveness is not demanded as a matter of law.

DECIDED OCTOBER 14, 1986.

*H. Baxter Harcourt, Tina G. Stanford,* for appellant.
*Samuel W. Oates, Jr., Alexander V. Pinter,* for appellee.