### 73399. GLOBE OIL COMPANY, USA v. DeLONG.
(356 SE2d 47)

BENHAM, Judge.

Appellee James DeLong drove his truck to the fuel pumps at appellant's self-service gas station and convenience store. When he got out of the truck and walked around to the fuel pump, he tripped and fell over the uneven payment where the fuel pad, elevated slightly higher than the asphalt, joined the asphalt. The asphalt and surrounding concrete were crushed and filled with cracks. There were no signs or notices alerting customers of the existing conditions. Appellee testified that he had never patronized appellant's station prior to his fall. The manager of the station on duty at the time of the incident testified she had had knowledge of the uneven, cracked pavement for

almost a year before the incident.

The jury returned a verdict for appellee in the amount of $65,000. On appeal, appellant contends that the trial court erred in denying its motions for directed verdict on liability and damages, for judgment notwithstanding the verdict, and for new trial. The contention raised by appellant in each of its enumerations is that the law on superior knowledge precluded appellee's recovery.

1. "Construing the evidence most favorably to upholding the jury verdict, the verdict was not contrary to law or the evidence. 'The basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. [Cit.]'" *Great Atlantic &c. Co. v. Turner*, 180 Ga. App. 533 (1) (349 SE2d 537) (1986). "It is when the perilous instrumentality is known to the owner or occupant and *not known* to the person injured that a recovery is permitted. [Cit.]" *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (2) (349 SE2d 241) (1986). The testimony by appellant's former manager that the broken and uneven pavement had existed for almost a year was sufficient to impute superior knowledge to appellant. Id. Nevertheless, appellant contends that appellee had equal knowledge of the uneven pavement because he had walked across the pavement at least once. "The mere fact that one has been in the area before will not preclude him from recovery for injuries received from defective premises unless his failure to observe the defect amounts to a lack of that care which an ordinarily prudent person would exercise under the circumstances." *Kreiss v. Allatoona Landing*, 108 Ga. App. 427 (2b) (133 SE2d 602) (1963). See also *Shackelford v. DeKalb Farmer's Market*, supra. Such is the situation here. Appellee testified that while he was unsure what his foot hit to make him fall, when he fell he saw the cracked asphalt and uneven pavement. However the incident occurred, testimony by appellant's former manager showed that appellant had prior knowledge of the existing dangerous conditions and did nothing to warn customers. "We cannot say that under these circumstances that a conclusion, as a matter of law, is demanded that the [appellee] should have had a full appreciation of the danger, and that in the exercise of ordinary care he should have avoided the injury to himself. This, we think was properly presented to the jury." *Robinson v. Western Intl. Hotels*, 170 Ga. App. 812, 815 (318 SE2d 235) (1984).

Moreover, the distraction doctrine is applicable in this case. Appellee testified that tractor trailer trucks surrounded him and the diesel pump where he fell. "A possible confrontation with vehicular traffic on the property may be a significant 'distraction' for a pedestrian-invitee on the premises." *Shackelford v. DeKalb Farmer's Market*, supra at 351; *Robinson v. Western Intl. Hotels Co.*, supra at 815-816.

"The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized. . . . The doctrine . . . cover[s] situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur. [Cit.]" *Robinson v. Western Intl. Hotels Co.*, supra at 815. The evidence authorized a finding that appellee was distracted "by reason of present or reasonably to be anticipated dangers, resulting from being subjected to extremely close proximity to vehicular traffic. [Cit.]" Id. at 816.

2. As to the damages issue, there was sufficient testimony elicited from medical experts who gave their opinions on appellee's condition. Appellee broke his thumb when he fell and subsequently suffered from pain in his side and hip. Appellant argues that appellee's hip pain was from a pre-existing condition and not the result of his fall. However, appellee's physician testified that the pain experienced by appellee was a result of his injury from the fall. The doctors also testified to past and future pain and suffering. "[Q]uestions concerning the amount of damages to be awarded for pain and suffering, past, present and future are for the enlightened conscience of the jurors. [Cits.] We decline to substitute our judgment based upon a cold record for that of enlightened jurors who heard the evidence and saw the witnesses." *Southern R. Co. v. Oliver*, 177 Ga. App. 729 (5) (341 SE2d 270) (1986).

"In summary, [appellee] presented evidence of fault on the defendant's part and ignorance of the hazard on [his] part, and the trial court thus properly declined to direct a verdict for [appellant] or grant judgment notwithstanding the verdict [or a motion for new trial]." *Great Atlantic &c. Co. v. Turner*, supra, Division 1.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., and Pope, J., concur. Carley and Beasley, JJ., concur specially. Deen, P. J., dissents. Sognier, J., concurs in judgment of dissent.*

BEASLEY, Judge, concurring specially.

I concur because liability was ultimately a question of whether plaintiff exercised reasonable care for his own safety in the circumstances. *Goldsmith v. Hazelwood*, 93 Ga. App. 466, 468 (92 SE2d 48) (1956). Cf. *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981).

This was the first time plaintiff went to these premises. He could see that the asphalt parking lot was not smooth and testified that it was "all busted up." When he fell at the junction of the asphalt and

the smooth concrete pad around the fuel pump island, he was looking up at the gas price sign on the pump. Because he was not looking at where he was placing his feet, he did not see the unevenness on which he tripped.

There was no evidence that the invitee could not have seen the hazard if he had looked where he was walking. Thus it is straining logic to say that the proprietor had superior knowledge of it, because it was plainly visible. The invitee even testified unequivocally that he could see it when he glanced up from the ground after he fell.

With regard to the element of superior knowledge, the proprietor is charged with constructive knowledge, i.e., what he should have known, as well as with actual knowledge. *Shannon v. Bigelow-Sanford Carpet Co.*, 96 Ga. App. 458, 461 (100 SE2d 478) (1957). In measuring the relative knowledge of the invitee, he too is charged with constructive knowledge, which relates to his duty to use reasonable care for his own safety in walking about. *Amear v. Hall*, 164 Ga. App. 163, 167 (296 SE2d 611) (1982). That is why "superior knowledge" is not a foregone conclusion in this case.

The invitee's duty is also related to the element of his ignorance of the defect and danger. If the ignorance is caused by his failure to look and see what is patent, it may not be legally justified.

These matters were subject to jury determination, given the total evidence relevant to liability in this case, although that itself is a close question. See *Bell v. Abercorn Toyota*, 175 Ga. App. 668 (333 SE2d 880) (1985). Compare *Pound*, supra, and *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (349 SE2d 241) (1986).

I am authorized to state that Judge Carley joins in this special concurrence.

DEEN, Presiding Judge, dissenting.

The majority opinion relies upon such cases as *Robinson v. Western Intl. Hotels*, 170 Ga. App. 812 (318 SE2d 235) (1984). The cited case is correct with respect to the facts in that case. "These factors were: (1) the narrowing of the walkway at the entrance to the booth; (2) the 3-to-4 inch slope of the walkway toward the driveway; (3) the dim lighting in the area; (4) the close proximity of vehicular traffic to the booth; and (5) the 16-inch stepup into the booth with 'no hand-hold, no rail or nothing other than the door frame to hold onto.' According to appellants' expert, as the result of these 'hazardous factors,' 'a person coming out of the booth . . . would have a tendency to surge forward . . . , and end up in the drive.'" *Robinson*, supra at 814.

The facts there are grossly dissimilar to those of the instant case, where appellee fell as soon as he got out of his truck in the daylight, with all conditions of the uneven pavement visible. These conditions

were evident to all.

The case of *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981), where the plaintiff fell on some rocks which were visible and out in the open, and where summary judgment was granted to the defendant, is more similar to this case and would seem to control it. I would reverse on the basis of the fact that the trial judge erred in denying the motions for directed verdict on liability and damages, and failed to enter the judgment notwithstanding the verdict.

As the late Judge Powell observed, "[I]t is nothing new for us to say that the jurisdiction of the jury to settle the facts is as final as is this court's jurisdiction to determine the law; and their finding of fact is entitled to the same respect from us as our decision on the law is entitled to receive from them. And no doubt, if a reciprocity of criticism were allowable, some of our decisions as to the law would seem as absurd to the jurors as their finding of facts seem to us in this case. There is a point at which facts cease to be issuable and the jurisdiction of the jury is withdrawn for the lack of anything for them to decide; when all the evidence and all the inferences to be drawn therefrom so irresistibly point to only one way as to leave no 'scope for legitimate reasoning by the jury,' and the only conclusion deducible from the facts is a matter of law, which the court may declare. . . ."

I respectfully dissent.

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 31, 1987 —

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.
*Linda B. Carlisle, Charles W. Lane*, for appellee.