76120. MAGEE et al. v. FEDERATED DEPARTMENT STORES,
INC.
(371 SE2d 99)

Banke, Presiding Judge.

Suzanne Magee and her husband brought this action to recover damages for injuries Mrs. Magee allegedly sustained as the result of a fall which occurred when she tripped over a cement barrier in the parking lot of the appellee's store. The Magees appeal the grant of the appellee's motion for summary judgment.

Mrs. Magee drove her automobile onto the parking lot during daylight hours and parked it approximately 150 to 200 feet from the store entrance. She had been a frequent shopper at the store in the past. On this occasion, she was accompanied by her 4-year-old grandson and her 15-year-old daughter. Located between the space where she had parked and the entrance to the store were raised, yellow-painted cement barriers, six inches in height, creating an enclosure used for temporary shopping cart storage. There were no signs designating this area as a depository for shopping carts, and no carts were contained in the enclosure at the time in question. The enclosure was located adjacent and parallel to one of the parking spaces. There was a car parked in the space directly adjacent to the barrier; however, the barrier projected out beyond that car for a distance of approximately two feet. Mrs. Magee's daughter and grandchild, who were proceeding several feet ahead of her, walked past the cement barrier without incident. However, Mrs. Magee tripped over it, assertedly because her attention was diverted by a car which was being driven in her direction. *Held*:

"The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized. From this stems the rule that a lesser degree of prudence may be sufficient to constitute ordinary care where there are circumstances causing stress or excitement. [Cit.] The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care

should have anticipated that the distraction would occur." *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378 (124 SE2d 688) (1962). See also *Robinson v. Western Intl. Hotels*, 170 Ga. App. 812, 815 (318 SE2d 235) (1984). "The distraction theory may apply even when the injured party has prior actual knowledge of the existence of a defective condition. [Cits.] A possible confrontation with vehicular traffic on the property may be a significant 'distraction' for a pedestrian-invitee on the premises." *Shackelford v. DeKalb Farmers' Market*, 180 Ga. App. 348, 351 (349 SE2d 241) (1986). See also *Globe Oil Co., USA v. DeLong*, 182 Ga. App. 395 (1) (356 SE2d 47) (1987).

Based on these authorities, we hold that a question of fact remains as to whether Mrs. Magee exercised ordinary care for her own safety under the circumstances.

*Judgment reversed. Birdsong, C. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED JUNE 1, 1988 —
REHEARING DENIED JUNE 23, 1988 — 

Samuel D. Ozburn, for appellants.
R. Jerry Kirkpatrick, Lawrie E. Demorest, for appellee.