A95A1480. CAREY v. BRADFORD et al.
(461 SE2d 290)

BIRDSONG, Presiding Judge.

Ransom D. Carey appeals the grant of directed verdict to defendants H. M. Brad Bradford, Sonja Whitaker, Brad Bradford Realty, Inc., and Parkway Properties, Inc., whom Carey sued as the owners and managers of the apartment complex where he lived and where he fell on dark stairs. Carey's evidence showed that there were three electrical light fixtures in the breezeway in the center of the apartment building over the stairway; all were inoperative, including the light about ten feet above the top stair step. He and other neighbors had made repeated requests to the management to have the lights replaced on the stairway. His evidence also showed that this was the only stairway from his second floor apartment to the bottom. At about 10:00 p.m., as he walked down the stairs, he held the handrail, but his foot missed the step and he tumbled to the concrete at the bottom. The defendants argued that Carey assumed the risk of walking down the dark stairs because he had done so on other occasions and had equal knowledge of the danger. *Held*:

1. The trial court granted directed verdict to H. M. Brad Bradford as an individual and to Parkway Partners, Inc., as they were not the owners of the apartment building and were not personally liable. Appellant Carey makes no argument on appeal to dispute the ruling of the trial court on this issue, and any contention that these were proper parties to the suit is therefore abandoned. Court of Appeals Rule 27.

2. The trial court erred in granting directed verdict to the remaining defendants. A landlord has a statutory duty to keep premises in repair (OCGA § 44-7-13), and he is liable for damages to invitees for injuries caused by his failure to exercise ordinary care in keeping

the premises and approaches safe. OCGA § 51-3-1. The basis of such liability is the landlord's superior knowledge of the hazard or defective condition, and generally if the plaintiff has equal knowledge of a hazard, the landlord will not be liable for the plaintiff's injury. See generally *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327). Where a portion of leased premises is dangerously out of repair and such condition is known to the tenant who continues to use that area, the tenant cannot recover from the landlord for damages resulting from the condition; but the severity of the doctrine of assumption of risk has been ameliorated in cases where its application would make the plaintiff " 'a captive' " in his own home. *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 206 (316 SE2d 770); see *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269, 270 (235 SE2d 601). When the dangerous area is the plaintiff's only access or only safe or reasonable access to his home, the tenant's equal knowledge of the danger does not excuse the landlord of damages caused by his failure to keep the premises in repair. *Richardson*, supra. The position taken by the landlord and its agent, and the ruling of the trial court in granting them directed verdict in this case, is that Carey was a prisoner in his own home and had no right to go down the stairway at night except at his own risk. The landlord's argument that the plaintiff cannot recover as a matter of law because he assumed the risk of going upon the dark stairs without providing himself with a flashlight is not well taken. This would remove the landlord's statutory duty to keep the premises in repair, while at the same time requiring the plaintiff in individual cases to prove that he employed every conceivable means of protecting himself from the landlord's negligence, or be held to have assumed the risk. The evidence does not *demand* a finding that Carey did not use ordinary care for his own safety. OCGA § 9-11-50. The trial court erred in its judgment. Generally, where the case has moved to a jury trial and the evidence is extensive, it is better to let the jury hear the facts and then grant a judgment n.o.v., than to court the prospect of having to re-try the entire case. See *Hickman v. Allen*, 217 Ga. App. 701 (458 SE2d 883).

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 4, 1995.

*Michael B. King*, for appellant.
*McLain & Merritt, William S. Sutton*, for appellees.