### A97A1173. CAREY v. BRADFORD et al.
(486 SE2d 623)

ELDRIDGE, Judge.

A Clayton County jury found for appellees H. M. Brad Bradford, Sonja Whitaker, Brad Bradford Realty, and Parkway Properties, Inc. in a suit filed by appellant Ransom Carey against the owners and managers of his apartment building for injuries he sustained when he fell down the steps leading to his second floor apartment. Appellant's complaint alleged that the fall, which occurred at approximately 10:00 p.m., was the result of appellees' negligent maintenance of his apartment building in that the stairwell remained unlit, despite repeated requests by tenants to repair the three light fixtures contained therein. Carey appeals the jury's verdict.

This case has been before us previously. In *Carey v. Bradford*, 218 Ga. App. 325 (461 SE2d 290) (1995), we reversed the trial court's order directing a verdict for the defense on a theory of assumption of the risk. At that time we held, "[w]hen the dangerous area is the plaintiff's only access or only safe or reasonable access to his home, the tenant's . . . knowledge of the danger does not excuse the landlord of damages caused by his failure to keep the premises in repair. [Cit.] The position taken by the landlord and its agent, and the ruling of the trial court in granting them directed verdict in this case, is that Carey was a prisoner in his own home and had no right to go down the stairway at night except at his own risk. The landlord's argument that the plaintiff cannot recover as a matter of law because he assumed the risk of going upon the dark stairs without providing himself with a flashlight is not well taken. This would remove the landlord's statutory duty to keep the premises in repair, while at the same time requiring the plaintiff in individual cases to prove that he employed every conceivable means of protecting himself from the landlord's negligence, or be held to have assumed the risk." *Carey*, supra at 326 (2).

In light of the above holding, appellant now assigns reversible error to the following jury instruction given by the trial court in the case sub judice: "When rented premises become out of repair it is the duty of the tenant to notify the landlord and to stop using any part of the premises which would be dangerous to use. Where the tenant has knowledge of the defective condition of the rented premises and the defect is such that an ordinarily careful person would know that it would be dangerous to use that area, it is the tenant's duty to stop

using that portion of the premises or dangerous area. If the tenant should voluntarily use a portion of the premises known to be defective and dangerous and should be injured, the tenant would be guilty of such contributory negligence as would bar a recovery." *Held*:

1. We are constrained to agree with appellant that, in the case sub judice, the above jury instruction constitutes reversible error. "While such a charge is abstractly a correct statement of the law, it is not adjusted to the facts of the case." *Harden v. Drost*, 156 Ga. App. 363, 366 (4) (274 SE2d 748) (1980). Clearly, in the case before us, appellant could not "stop" using the egress and ingress to his second floor apartment, the stairs. This portion of the trial court's charge, once again, makes Carey "a prisoner in his own home [who has] no right to go down the stairway at night except at his own risk." *Carey*, supra at 326 (2).

In the instant case, the trial court correctly charged on numerous relevant aspects of the law regarding landlord/tenant tort liability, and it is important to note that a charge on contributory negligence would be appropriate in this case, when such charge is adjusted to the evidence, e.g., appellant cannot stop using the stairs, but must exercise ordinary care under the circumstances of use in the dark with the known dangers. However, the instruction about which appellant complains was not adjusted to the evidence, and "[i]nstructions not warranted by the evidence are cause for new trial unless it is apparent that the jury could not have been misled thereby." *Harden*, supra at 366 (4); *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860 (389 SE2d 355) (1989); *Shipman v. Horizon Corp.*, 155 Ga. App. 126 (270 SE2d 473) (1980). Further, when a charging error is shown to have occurred, it is presumed to be prejudicial and harmful, unless it appears from the entire record that the error is harmless. *Foskey v. Foskey*, 257 Ga. 736 (2) (363 SE2d 547) (1988). Herein, this Court cannot say whether the jury's verdict was based upon defense evidence that the stairwell lights were repaired prior to appellant's fall, or upon a determination, based upon the court's charge, that appellant could not recover because of a legal "duty to stop using" the stairs at night. Thus, "we cannot say that the charge would not have had an adverse impact on the question of [liability]." *Harden*, supra at 366 (4). Accordingly, we must reverse.

2. We find that the trial court correctly charged the jury on a landlord's tort liability pursuant to OCGA § 44-7-13. *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989); see also *Vason v. City of Augusta*, 38 Ga. 542 (4) (1868).[1] In addition, OCGA § 44-7-14,

---

[1] Contrary to appellant's contentions, tort liability may arise out of obligations imposed by contract. "[W]here private duties arise from statute or flow from relations created by the contract, express or implied, [one may] elect to pursue a tort action for damages flowing

regarding a landlord's tort liability to persons other than the tenant, is not applicable in the case sub judice. There was no error.

3. Our decision in Division 1 herein makes unnecessary a review of the sufficiency of the evidence.

*Judgment reversed. Ruffin, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED APRIL 23, 1997 —
RECONSIDERATION DENIED MAY 6, 1997.

Before Judge Cowen.

*Michael B. King*, for appellant.

*McLain & Merritt, William S. Sutton, Michael L. Miller*, for appellees.

from the exercise or failure to exercise that duty." (Citations and punctuation omitted.) *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. 85, 87 (460 SE2d 545) (1995).