A97A1706. DICKMAN et al. v. SOUTH CITY MANAGEMENT, INC.
(494 SE2d 64)

Judge Harold R. Banke.

Elizabeth Dickman and Andrew Dickman appeal the summary judgment awarded to South City Management, Inc. ("South City") in their trip and fall case.[1]

Viewed in the light most favorable to the Dickmans, the evidence was as follows. On an autumn evening, Elizabeth Dickman dined with her mother and some friends at South City Kitchen, owned and operated by South City. After dinner, Dickman started to leave the

---

[1] Andrew Dickman brought a loss of consortium claim.

restaurant using the same staircase on which she had entered. According to Dickman's testimony, as she began to use the staircase, it was "very, very dark," and "nothing was visible." As Dickman, then six months pregnant, started down the steps, her left high heel allegedly became caught or pushed through a brick or loose mortar. As a result, Dickman twisted her foot and fell, breaking her ankle. Dickman attributed her fall to the darkness, the alleged missing mortar, and the absence of a handrail. However, it is undisputed that the stairs were equipped with a handrail and built with a nonskid surface. Dickman admitted that she elected to walk down the side opposite from the handrail. Dickman conceded that even if the lighting had been better, because she was not looking down, her heel would still have gotten caught.

South City offered evidence that it performed regular inspections of its premises. Chris Goss, the company president, testified that when he had conducted an operations check two days before the incident, he did not find any defect on the stairs. According to Goss, the steps were constructed in compliance with applicable code provisions and there had been no prior incident of a staircase fall. Under South City's policies and procedures, employees were required to report any unsafe condition to the management. Goss attested that he did not observe any loose mortar before Dickman fell. The Dickmans presented no evidence that the mortar was loose before the heel of Mrs. Dickman's shoe pushed through it. The Dickmans contest the summary judgment granted to South City. *Held*:

The Dickmans contend that the existence of material issues of disputed fact foreclosed summary judgment. They claim that a jury must resolve whether the condition of the steps constituted a danger or defect and whether South City should have known about the hazard. We disagree.

It is axiomatic that "[i]n everyday life, persons are required to negotiate the floors, steps and doorways of buildings." *Steinberger v. Barwick Pharmacy*, 213 Ga. App. 122, 124 (1) (444 SE2d 341) (1994). Proof of a fall, without more, does not give rise to liability. *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 215 (2) (483 SE2d 671) (1997). The true ground of liability is superior knowledge. There must be proof of fault on the part of the owner and ignorance of the danger on the part of the invitee. *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (2) (435 SE2d 764) (1993); *Steinberger*, 213 Ga. App. at 123 (1).

To establish South City's negligence, the Dickmans had to show: (1) that South City had actual or constructive knowledge of the alleged defect, and (2) that Mrs. Dickman was without knowledge of the defect or for some reason attributable to South City was prevented from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623

(272 SE2d 327) (1980).

To avoid summary judgment the Dickmans could not rest on the pleadings but had the burden to come forward with specific evidence that South City's knowledge of the alleged peril was superior. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994); *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). This they failed to do. The Dickmans offered no evidence that South City had superior knowledge of the allegedly "dangerous condition." It is undisputed that South City regularly inspected the stairs at issue and that no other person traversing the same stairs fell before or after this incident.

Further, when a person has successfully negotiated an allegedly dangerous condition on a previous occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom. *Souder*, 210 Ga. App. at 292 (1); *Harpe v. Shoney's, Inc.*, 203 Ga. App. 592, 593 (1) (417 SE2d 184) (1992); *Rossano v. American Legion Post 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Even assuming arguendo that the step was defective, Dickman's admission that she traversed the same area using the same staircase shortly before she fell is fatal to her claim as she cannot show South City's superior knowledge. *Steele v. Rosehaven Chapel*, 223 Ga. App. 523, 524 (478 SE2d 596) (1996). Having successfully pierced an essential element of the Dickmans' case, South City was entitled to summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991); OCGA § 9-11-56 (c).

*Judgment affirmed. Smith, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 10, 1997 —

*Johnson, Kayne & Penna, Christopher E. Penna, Derek A. Mendicino*, for appellants.

*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Monique R. Walker*, for appellee.