A00A0243. MURRAY v. WEST BUILDING MATERIALS OF GEORGIA.
(534 SE2d 204)

Barnes, Judge.

This appeal arises from a personal injury suit filed by Barbara Murray as a result of injuries she received when she fell while descending steps at West Building Materials of Georgia. Murray contends on appeal that the trial court erred by granting summary judgment to West. For reasons that follow, we reverse.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences in favor of the nonmoving party. *Maddox v. Southern Engineering,* 231 Ga. App. 802 (500 SE2d 591) (1998). Viewed in this light, the record shows that Murray ascended West's concrete front steps, shopped inside the store, then began descending the steps to leave. She held the right handrail until it ended short of the last step, then let go and stepped down on her right foot. She testified that "the stair got there too quick," the "pattern" changed, and her foot turned. She heard a snap and saw bone protruding from her ankle under her skin. She stepped off the injured foot, then twisted her left ankle and fell to her knees.

West moved for summary judgment, arguing that it did not have actual or constructive knowledge of any hazardous condition and further arguing that Murray failed to exercise ordinary care on her own behalf. Murray opposed the motion with deposition testimony from George Baird, a structural engineer, who averred that West's front steps and handrail deviated from the requirements of the applicable building code. The risers of the top four steps were eight inches tall, a quarter-inch more than the maximum allowed height. The fifth step was a quarter-inch shorter than the top four, and the last step was almost three inches shorter than the second-to-last one. Further, the tread width and riser height together fell outside the acceptable limits of the building code. Finally, the handrail beside the steps failed to extend 12 inches past the bottom step, as required, but instead stopped short at the second-to-last step. These defects, the expert concluded, could have caused Murray's fall. In granting summary

judgment to West, the trial court concluded that no genuine issue of material fact existed regarding Murray's claim.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997), our Supreme Court reiterated that,

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the [owner].

*Robinson* also lightened the evidentiary load placed upon slip-and-fall plaintiffs opposing a motion for summary judgment by requiring a defendant to produce evidence showing negligence on the part of the plaintiff before the plaintiff is required to produce rebuttal evidence on this issue. Id. at 749.

With respect to the first prong, Murray presented evidence that the steps were constructed in 1995 and had been used continuously since then. This evidence, combined with the expert testimony, is sufficient for a factfinder to infer that the steps were a hazardous condition of which West had actual or constructive knowledge. *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791 (504 SE2d 198) (1998). Therefore, for purposes of summary judgment, plaintiff has satisfied the first prong of the *Robinson* test. Id. at 792.

With respect to the second prong, Murray's lack of knowledge of the hazard, *Robinson* held that a plaintiff's evidentiary burden on this issue does not arise "until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [herself] to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson*, supra, 268 Ga. at 749. Moreover, our analysis of this issue must be guided by *Robinson*'s directive that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety[,] are generally not susceptible of summary adjudication." Id. at 748.

West claims that Murray's negligence is established as a matter of law by the fact that she had previously negotiated the steps without difficulty. West relies on pre-*Robinson* cases holding that "when a person has successfully negotiated an allegedly dangerous condition on a previous occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom." See, e.g., *Dickman v. South City Mgmt.*, 229 Ga. App. 289, 291 (494 SE2d 64) (1997) (physical precedent only). However, this rule has no application in the present case. The danger allegedly

posed by the steps resulted from a combination of the steps' lack of uniformity, their excessive combined height and width, and the too-short handrail compounding the first two irregularities. We cannot say "as a matter of law that an individual using the [steps] would have appreciated the danger posed by the combination of these elements." *Flournoy v. Hosp. Auth. of Houston County*, supra, 232 Ga. App. at 793; see also *Robinson v. Western Intl. Hotels Co.*, 170 Ga. App. 812 (318 SE2d 235) (1984).

Similarly, in *Aggeles v. Theater of the Stars*, 235 Ga. App. 57, 58 (507 SE2d 856) (1998) (physical precedent only), we held the plaintiff did not have actual knowledge of the hazard posed by a handrail when she had previously ascended the staircase and fell while descending the staircase.

West cites *Mechanical Equip. Co. v. Hoose*, 241 Ga. App. 412 (523 SE2d 575) (1999) and *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998) to support its argument that it was entitled to summary judgment here. However, those cases are distinguishable, as both plaintiffs had successfully traversed many times the steps on which they fell. Murray, on the other hand, had ascended West's steps only one time and fell on her first descent.

Accordingly, the trial court erred in granting summary judgment to West.

*Judgment reversed. Eldridge, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED MAY 5, 2000.

*Sweat & Giese, David R. Sweat, Thomas C. Shanahan,* for appellant.

*Hall, Booth, Smith & Slover, Karl M. Braun, Jason P. King,* for appellee.