## A00A2057. HAMILTON v. KENTUCKY FRIED CHICKEN OF VALDOSTA, INC.

### (545 SE2d 375)

MILLER, Judge.

Walking in the pitch dark of a restaurant's unlit parking lot and distracted by cars using the drive-through lane that she was crossing,[1] Nyla Hamilton tripped and fell on a raised curb that she had earlier traversed in the daylight. The restaurant's approaches were configured so that patrons parking on the drive-through side of the restaurant would walk across the drive-through lane. She sued the restaurant owner (Kentucky Fried Chicken of Valdosta, Inc.) for personal injury damages. The owner successfully moved for summary judgment on the ground that Hamilton, having an hour earlier traversed the curb, failed to exercise ordinary care in tripping over the curb on her return. We reverse, holding that the owner's actions in failing to turn on the parking lot lights and the distractions created by the vehicles in the drive-through lane create material issues of fact as to whether Hamilton exercised ordinary care for her own safety.[2]

Owners of land are liable to invitees for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe.[3] *Robinson v. Kroger Co.*[4] set forth the order of proof for such a cause of action:

> [I]n order to recover for injuries sustained in a [trip]-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

The hazard here was an unlit parking lot containing a raised curb along the path that certain patrons were to use to access their cars. Hamilton presented evidence that the owner intentionally did

---

[1] Because this is an appeal of summary judgment, we construe the evidence in favor of the plaintiff nonmovant. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] OCGA § 51-11-7.

[3] OCGA § 51-3-1.

[4] 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

not turn on certain parking lot lights and actually knew of this hazard. She further presented evidence that her concern of being hit by one of the vehicles in the drive-through lane distracted her from seeing the curb in the dark.

For purposes of summary judgment, the owner does not dispute its knowledge of the allegedly hazardous condition created by the insufficient lighting but focuses on Hamilton's purported failure to exercise due care. The owner argues that having traversed this same curb about an hour earlier, Hamilton intentionally exposed herself to this hazard when she returned the same way. The owner contends that this court should rule as a matter of law that Hamilton failed to exercise ordinary care.

1. The owner's argument fails for two reasons. First, *Robinson* reminded all courts that the plaintiff's lack of ordinary care for personal safety is generally not susceptible of summary adjudication and that only when the evidence is plain, palpable, and undisputed is summary judgment authorized.[5] Here, Hamilton showed that although she successfully traversed the curb once in the daylight, it was "pitch dark" when she was returning to her car and that the parking lot lights, installed for the very purpose of illuminating a patron's way, had not been turned on. The factors creating the hazardous condition were not static — when Hamilton entered the restaurant it was still daylight, and when she left it was dark.[6] The fact that Hamilton had earlier managed, on a single occasion, to avoid tripping over the curb during daylight hours does not mean as a matter of law that she had knowledge of or had successfully negotiated the dangerous condition which caused her to fall that night.[7]

The cases cited by the owner to challenge this conclusion are all distinguishable. The owner cites two cases that (1) are physical precedent only, (2) are pre-*Robinson*, and (3) do not reference changed lighting conditions as an element creating the hazard.[8] The owner

---

[5] Id. at 748 (2) (b).

[6] See *Evans v. Mathis Funeral Home*, 996 F2d 266, 270 (II) (B) (2) (11th Cir. 1993).

[7] *Sacker v. Perry Realty Svcs.*, 217 Ga. App. 300, 302 (457 SE2d 208) (1995) (whole court) (fact that plaintiff avoided tripping over railroad ties in daylight does not import knowledge of dangerous condition caused at night); see *Globe Oil Co., USA v. DeLong*, 182 Ga. App. 395, 396 (1) (356 SE2d 47) (1987) (whole court) (walking across uneven pavement only once does not establish equal knowledge of hazard as matter of law); *Hatcher v. City of Albany*, 147 Ga. App. 843, 845 (2) (250 SE2d 537) (1978) (before fall, ascending steps three times and descending them twice do not establish plaintiff's knowledge of hazard as a matter of law). Cf. *Murray v. West Bldg. Materials &c.*, 243 Ga. App. 834, 835-836 (534 SE2d 204) (2000) (physical precedent only) (distinguishing cases where plaintiff had traversed hazard many times, court held that one ascension of defective steps does not establish knowledge of hazard as a matter of law).

[8] *Dickman v. South City Mgmt.*, 229 Ga. App. 289 (494 SE2d 64) (1997) (physical precedent only); *Echols v. Whisker's Food & Spirits*, 229 Ga. App. 240 (493 SE2d 722) (1997) (physical precedent only).

then cites *Joyner v. Sandefur Mgmt. Co.*,[9] which also predates *Robinson*. In light of *Robinson*'s significantly lightening the plaintiff's load in proving a trip and fall case,[10] and its reminder that most routine issues in such cases are not subject to summary adjudication,[11] pre-*Robinson* cases affirming summary judgment must be carefully scrutinized.[12] In this regard, we note that *Joyner* recognized that dim lighting that prevents the plaintiff from discerning the hazard may result in liability against the landowner.[13] Finally, the owner cites *Ethridge v. Davis*,[14] which is distinguishable in that it involved an ongoing hazard that the plaintiff had repeatedly encountered for a year prior to the injury.

2. Second, Hamilton presented evidence that the vehicles in the drive-through lane distracted her from seeing the curb, particularly since they were close together and she had to walk between them. *Robinson* reiterated that a plaintiff is not bound to the same degree of care in apprehending danger in moments of stress or when her attention has been necessarily diverted.[15] Citing *Magee v. Federated Dept. Stores*[16] and *Shackelford v. DeKalb Farmer's Market*,[17] *Robinson* explained that a pedestrian's possible confrontation with vehicular traffic could constitute a distraction.[18] Both *Magee* and *Shackelford* held that the "distraction theory may apply even when the injured party has prior actual knowledge of the existence of a defective condition."[19] Hamilton's testimony about having to walk through vehicular traffic in the drive-through lane, as she traversed the path the owner intended for her to access her vehicle, presented a possible distraction as reason for failing to see the raised curb in the darkness.[20]

The evidence being disputed whether Hamilton exercised due care, the trial court erred in granting summary judgment to the owner.

---

[9] 168 Ga. App. 854, 856 (3) (310 SE2d 578) (1983).

[10] *Robinson*, supra, 268 Ga. at 748 (2) (b); *Jackson v. K-Mart Corp.*, 242 Ga. App. 274, 276 (529 SE2d 404) (2000).

[11] *Robinson*, supra, 268 Ga. at 748 (2) (b).

[12] See, e.g., *Murray*, supra, 243 Ga. App. at 835-836.

[13] *Joyner*, supra, 168 Ga. App. at 857 (3) (d).

[14] 243 Ga. App. 11 (530 SE2d 477) (2000).

[15] *Robinson*, supra, 268 Ga. at 744 (2) (a).

[16] 187 Ga. App. 620 (371 SE2d 99) (1988) (physical precedent only).

[17] 180 Ga. App. 348, 351 (349 SE2d 241) (1986).

[18] *Robinson*, supra, 268 Ga. at 745 (2) (a); see *Globe Oil Co.*, supra, 182 Ga. App. at 396-397 (1).

[19] (Citations and punctuation omitted.) *Magee*, supra, 187 Ga. App. at 621; *Shackelford*, supra, 180 Ga. App. at 351 (2). Compare *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 485-486 (2) (541 SE2d 109) (2000) (distraction doctrine does not apply where plaintiff was aware of hazard immediately before distraction occurred).

[20] See *Globe Oil Co.*, supra, 182 Ga. App. at 397 (1).

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2001 —
RECONSIDERATION DENIED FEBRUARY 23, 2001.

*John H. Beauchamp, Mark G. Pitts,* for appellant.
*Alexander & Vann, William C. Sanders,* for appellee.