A02A0065. COBB VENTURE, LLC v. DONALDSON.
(567 SE2d 750)

MIKELL, Judge.

Cobb Venture, LLC d/b/a Somer Point Apartments ("Cobb Venture") appeals the denial of its motion for summary judgment in this premises liability case. The trial court signed a certificate of immediate review, and this Court granted the application for interlocutory appeal. For the reasons that follow, we reverse.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

---

[4] *Holmes v. State*, 252 Ga. App. 286, 289 (556 SE2d 189) (2001).
[1] OCGA § 9-11-56 (c).

> A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

We review de novo a trial court's grant or denial of summary judgment.[3]

Viewed in favor of Donaldson, the evidence showed that Donaldson, a tenant of Cobb Venture, fell on some debris at the apartment complex on April 22, 1997. Donaldson walked her dog to the woods near the apartment complex two to three times a day. During the days before her fall, Cobb Venture was refurbishing the kitchens in all of the apartments. Donaldson testified that for two or three days before she fell, there had been a pile of debris from the new construction on the walkway that she used to take her dog to the woods. On the first two days, Donaldson estimated that the part of the pile of debris that she stepped over was three to four inches high. According to Donaldson, on the morning that she fell, it appeared that the pile was the same size that it had been on the previous evening when she took her dog out. Donaldson stepped over the pile with her right foot, but her left foot caught on a piece of metal and she fell. She testified that she realized that the pile was larger after she fell.

Cobb Venture filed a motion for summary judgment, arguing that Donaldson's claim was barred because she had equal knowledge of the hazard. The trial court denied Cobb Venture's motion, finding that questions of fact remained as to Donaldson's equal knowledge and as to whether she had a reasonable alternative to encountering the hazard. Cobb Venture appeals the trial court's order.

1. *Robinson v. Kroger Co.*[4] sets forth the elements of a trip and fall case.[5] In order to recover, the plaintiff must prove:

> (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of

---

[2] (Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000).

[4] 268 Ga. 735 (493 SE2d 403) (1997).

[5] *Williams v. Park Walk Apts.*, 253 Ga. App. 429 (559 SE2d 169) (2002).

the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.[6]

A defendant can prevail on summary judgment by showing an absence of evidence as to an essential element of a plaintiff's prima facie case.[7]

This case hinges on the second prong of the *Robinson* test. The evidence is undisputed that Donaldson saw and stepped over the pile of debris two or three times a day for at least two days before her fall. Also, she saw the pile on the morning that she fell and chose to step over it. There was no evidence offered to suggest that Donaldson was somehow prevented from evaluating the size of the pile of the debris before she stepped over it that morning. Thus, we find the evidence that Donaldson had equal knowledge of the debris and that she failed to exercise ordinary care for her own safety to be plain, palpable, and undisputed.[8]

A writ of certiorari was granted in *Robinson* to examine the appellate decisions which have "as their crux a determination as a matter of law that an invitee failed to exercise ordinary care for personal safety."[9] Though most of the opinion discusses a plaintiff's failure to look, the "plain view" doctrine, "the distraction doctrine," and such matters, the decision did not focus on cases such as the case at bar in which a plaintiff admitted knowledge of the hazard and voluntarily tempted it. As explained by *Robinson*,

> The plaintiff's behavior on each of these occasions constituted "voluntary negligence," classified by the Second Restatement of Torts as a "type" of contributory negligence: "an intentional and unreasonable exposure of (the plaintiff) to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know. . . ." Restatement of Law 2d, Torts, § 466 (a).[10]

---

[6] *Robinson*, 268 Ga. at 748-749 (2) (b). See generally Adams & Adams, Ga. Law of Torts (2000 ed.), § 4-6.

[7] *Steele v. Rosehaven Chapel*, 233 Ga. App. 853, 855 (505 SE2d 245) (1998).

[8] See *Robinson*, 268 Ga. at 748.

[9] Id. at 739 (1).

[10] Id. at 737-738 (1). This rule, based on contributory negligence, would be inapplicable if the legislature adopted the suggestion of Justice Hunstein to resolve all slip and fall cases on the basis of pure comparative negligence. Id. at 749 (Hunstein, J., concurring).

Although *Robinson* recognizes the continuing validity of summary adjudications of cases involving a plaintiff's undisputed, actual knowledge of the hazard, it is applicable to this type of case as to all slip and fall cases because it reallocated, in Division 2 (b) of the opinion, the burdens of proof on motions for summary judgment. According to *Robinson*, a plaintiff faced with a motion for summary judgment does not have to disprove her negligence until and unless it is proved that the defendant was negligent and that "the plaintiff's injuries were proximately caused either by the plaintiff's voluntary negligence . . . or by the plaintiff's causal negligence. . . ."[11] In the case at bar, there is undisputed evidence that the defendant was negligent in allowing debris to accumulate on the walkway and also evidence of Donaldson's voluntary negligence. Therefore, according to *Robinson*, she was required to produce "rebuttal evidence that [her] failure to ascertain the existence of the hazard was due to actions or conditions within the control of the defendant. . . ."[12] There is no such rebuttal evidence in the record because Donaldson does not claim that she failed to perceive the existence of the hazard. Therefore summary judgment for the defendant was warranted.

We are mindful of *Robinson*'s guidance that "routine issues of premises liability . . . are generally not susceptible of summary adjudication."[13] But occasional cases may arise in which the evidence is plain and palpable that the plaintiff had, in the words of *Robinson*, "knowledge of the hazard equal to or greater than that of the owner/occupier, making it impossible for the plaintiff to prove that the owner/occupier had the superior knowledge necessary for the plaintiff to prevail."[14] On those rare occasions, the present state of statutory and case law in Georgia will make summary judgment appropriate, except when there are extenuating circumstances such as that discussed in Division 2 of this opinion.

2. Cobb Venture also enumerates as error the trial court's reliance on *Carey v. Bradford*.[15] We agree with the appellant that *Carey* is inapposite. In that case, the plaintiff fell down the only stairway from his second-floor apartment to the bottom level, after repeated requests to management to replace the stairway lights. We held that "[w]hen the dangerous area is the plaintiff's only access or only safe or reasonable access to his home, the tenant's equal knowledge of the danger does not excuse the landlord of damages caused by his failure

---

[11] Id. at 748 (2) (b).
[12] Id. See generally Ga. Law of Torts, supra at pp. 168-170.
[13] (Punctuation omitted.) *Robinson*, 268 Ga. at 748 (2) (b).
[14] Id. at 737 (1).
[15] 218 Ga. App. 325 (461 SE2d 290) (1995).

to keep the premises in repair."[16] In this case, there was no evidence presented that the walkway to the woods was Donaldson's only access to her home. It was the place she chose to walk her dog because as Donaldson testified, "I don't just take her anyplace. She, in fact, won't go no place except out there." Thus, the "captive tenant" rule discussed in *Carey* is not applicable to the instant case.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JUNE 26, 2002.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright,* for appellant.

*Louis Levenson, Thomas R. Holbird, Jr.,* for appellee.

---

[16] (Citation omitted.) Id. at 326 (2).