## A02A1534. YON v. SHIMEALL.
(572 SE2d 694)

MIKELL, Judge.

Diane Marie Yon filed a premises liability action against Brian Shimeall, her daughter's landlord, after Yon fell while walking down the stairway leading to her daughter's basement apartment. The trial court granted summary judgment to Shimeall, and Yon appeals, arguing that the court erred in concluding that she had equal knowl-

edge of the hazard and that there were reasonable means of access to the apartment other than the stairs. We affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. . . . Our review of an appeal from summary judgment is de novo.

(Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998). Accord *Christopher v. Donna's Country Store*, 236 Ga. App. 219 (511 SE2d 579) (1999).

Viewed in the light most favorable to Yon as the nonmoving party, the record shows that Yon's daughter, Carlyce, rented an apartment located in the basement of Shimeall's home in Atlanta. The apartment had its own entrance that was accessible by a steep outdoor stairway. Yon and her husband, who live in Florida, visited Carlyce on Friday, February 20, 1998. It was the Yons' first trip to Carlyce's apartment, and they planned to spend the weekend with their daughter and then to return home the following Monday. Carlyce recalled it being light outside when her parents arrived in the early evening. Yon deposed that when she first saw the stairs leading down to her daughter's apartment, she noticed how steep they were and exercised care as she descended them. In fact, Carlyce recalled her mother saying, "oh, my goodness," when she stood at the top of the stairs. The record shows that Yon and her husband negotiated the stairs at least twice that evening without incident. In fact, Carlyce testified that it rained while she and her parents were out at dinner and that they walked down the wet stairs in the dark. The Yons also used the stairs safely on Saturday, February 21.

Yon fell while walking down the stairs on Sunday night. It had rained earlier that afternoon, and the stairs were still wet. Yon was carrying a plastic bag of groceries and her purse at the time. She suffered two broken bones as a result of the fall.

1. First, Yon contends that the trial court erred in granting summary judgment on the ground that she was unable to prove that she lacked knowledge of the hazard. We find no error.

In *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), the Supreme Court established a two-part test for determining

whether an invitee can recover damages in a slip and fall action. First, the plaintiff must prove "that the defendant had actual or constructive knowledge of the hazard." Id. at 748-749 (2) (b). Next, the plaintiff must demonstrate that he or she "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. Accord *Wood v. Winn-Dixie Stores*, 244 Ga. App. 187, 188 (534 SE2d 556) (2000). If a plaintiff is unable to demonstrate that she lacked knowledge of the alleged hazard, her claim fails under the second prong of *Robinson*, and summary judgment in favor of the defendant is warranted. *Wood*, supra.

It is undisputed that Yon successfully negotiated the stairs eight times over the course of the weekend and that two of the trips were at night. The record further shows that she safely walked down the stairs while they were wet on at least one occasion. Therefore, the evidence demonstrated that Yon had equal knowledge of the hazard. We held in *Hannah v. Hampton Auto Parts*, supra at 394-395, that when a plaintiff had successfully negotiated steps in the past, he could not recover for his subsequent injury. In that case, we reasoned that stairs were a static condition, and that "when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) Id. at 394. Furthermore, we held in *Hannah* that even if the steps at issue constituted a building code violation as the plaintiff alleged, the equal knowledge rule precluded recovery. Id. at 395.

We reached a similar result in *Wood v. Winn-Dixie Stores*, supra, when we granted summary judgment to a grocery store after the plaintiff slipped and fell on a concrete entrance ramp. Because the plaintiff had successfully traversed the ramp on numerous occasions, we held that her recovery was barred. Id. at 190. We further held that even if there was merit to the plaintiff's claim that the absence of slip-resistant paint on the ramp violated applicable standards and local ordinances, the equal knowledge rule prevented her recovery. Id.

Yon relies on *Murray v. West Bldg. Materials &c.*, 243 Ga. App. 834 (534 SE2d 204) (2000); however, that case is distinguishable from the case at bar. In *Murray*, we reversed a trial court's grant of summary judgment to a defendant store and held that the fact that the plaintiff had ascended the stairs in question once did not preclude her recovery when she fell on her first trip down the stairs. Id. at 836. Unlike the plaintiff in *Murray*, in the case sub judice, in addition to walking up the stairs at issue four times, Yon had successfully walked down the stairs four times prior to her fall, and she

descended them at least once in the dark while they were wet. Furthermore, Yon deposed that she noticed that the stairs were very steep, that their treads were relatively shallow, and that there were no handrails. Unlike in *Murray*, here, Yon did not fall on her first descent of the stairs, and there was no genuine issue of fact as to whether she had equal knowledge of the alleged hazard the stairs presented. See generally *Anderson v. Reynolds*, 232 Ga. App. 868, 870-871 (502 SE2d 782) (1998) (trial court erred in denying summary judgment to defendants when plaintiff fell on rocks on defendants' property after she traversed the area three times prior to the fall). Compare *Hamilton v. Kentucky Fried Chicken &c.*, 248 Ga. App. 245, 246 (1) (545 SE2d 375) (2001) (jury issue remained as to plaintiff's equal knowledge of hazard when she had traversed the raised curb at issue once in daylight and then fell after dark).

Accordingly, in the case sub judice, the trial court properly granted summary judgment to Shimeall based on Yon's inability to prove the second prong of *Robinson*, supra.

2. Next, Yon argues that the trial court erred in concluding that the "necessity exception" to the equal knowledge rule did not apply in this case. In *Carey v. Bradford*, 218 Ga. App. 325, 326 (2) (461 SE2d 290) (1995), we acknowledged a narrow exception to the requirement that a defendant have superior knowledge of the hazard in cases where a tenant is forced to traverse a hazardous area and is injured as a result. We held that "[w]hen the dangerous area is the plaintiff's only access or only safe [and] reasonable access to his home, the tenant's equal knowledge of the danger does not excuse the landlord of damages caused by his failure to keep the premises in repair." (Citation omitted.) Id. Yon contends that the staircase on which she fell was the only reasonable means of access to her daughter's apartment.

Pretermitting whether the necessity exception extends to guests of a tenant, the trial court properly concluded that undisputed evidence in the record established other means of accessing the basement apartment. First, Carlyce testified in her deposition that there was another stairway leading to her apartment that could be accessed through Shimeall's residence. Shimeall deposed that Carlyce had a key to his home and that "it would have been real easy . . . to walk through the house." He further testified that Carlyce was welcome to walk through his home during "normal" hours and that she had "full access" to the house. Additionally, the record reveals the existence of a separate driveway approximately 20 feet from Carlyce's apartment with steps leading to her door that she could have used as an alternative to the stairs. In fact, Shimeall deposed that he would have preferred that Carlyce use "her driveway" due to parking problems. Based on the foregoing undisputed

evidence, the trial court properly concluded that Yon was not relieved of her burden of establishing Shimeall's superior knowledge of the alleged hazard created by the stairs.

Yon's reliance on *McCullough v. Briarcliff Summit*, 237 Ga. App. 630 (516 SE2d 353) (1999), is misplaced, as that case is physical precedent only. Furthermore, it is distinguishable in that the tenant in *McCullough* testified that he was not aware that the stairwell located several doors down a dark hallway from his apartment was safer than the one he used. Id. at 632 (2). In that case, an apartment building lost electrical power, and the backup generator failed, forcing the plaintiff to use a dark stairwell, the only one he ever used, in order to leave his home. Id. at 630-631. We held that, under the circumstances, a jury must determine whether the plaintiff exercised reasonable care for his own safety in using what he believed to be the only means of exiting his apartment building. Id. at 632 (2). In the case sub judice, however, the record shows that the tenant was aware of two alternative means of accessing her apartment and chose not to use them herself or to encourage her guests to use them. Accordingly, the trial court did not err in granting summary judgment to Shimeall on this ground.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2002.

*Slappey & Sadd, James N. Sadd*, for appellant.
*Downey & Cleveland, Russell B. Davis, Robert C. Harrison*, for appellee.