## A05A0426. JESSOP v. CARMICHAEL MANAGEMENT, INC.
### (614 SE2d 827)

JOHNSON, Presiding Judge.

This is a slip and fall case in which the trial court granted summary judgment to the property owner. Because there is no evidence that the property owner had knowledge of the alleged defect superior to that of the tenant, we affirm the summary judgment ruling.

For over five years, Mark Jessop rented a basement apartment owned by Carmichael Management, Inc. Jessop also worked for a maintenance crew on the premises. On May 3, 2002, after working at another job, Jessop drank two beers and then returned to his apartment. He went down the concrete steps leading to the lone entrance to the apartment and then slipped on a wooden step inside the door. Jessop sued Carmichael, claiming the stairway was unsafe and that Carmichael had failed to repair the stairs.

Jessop and a friend of his who is in the construction business testified by deposition that the wooden step was uneven and had algae on it. Jessop further testified that he had previously notified Carmichael that the awning over the steps was in poor shape. But he also testified that he had never notified Carmichael that there was a problem with any of the steps, including the one upon which he slipped.

Carmichael moved for summary judgment on the basis that it is an out-of-possession landlord which did not have superior knowledge of the allegedly defective wooden step. The trial court granted the motion. Jessop appeals from the grant of summary judgment to Carmichael.

The basis for a landlord's liability for failing to keep premises safe is the landlord's superior knowledge of the hazard or defective condition.[1] Generally, if a tenant has equal knowledge of a hazardous condition and continues to use the dangerous area, the landlord will not be liable for any injury.[2] In this case, given that Jessop had traversed the allegedly dangerous step thousands of times over the more than five years he had lived in the apartment and that he had

---

[1] *Carey v. Bradford*, 218 Ga. App. 325-326 (2) (461 SE2d 290) (1995).
[2] Id.

not once informed Carmichael about the alleged defect, there is no evidence of superior knowledge on the part of Carmichael.[3]

Despite Carmichael's lack of superior knowledge of the purported hazard, Jessop argues that Carmichael is still liable under the "necessity rule" because the doorway where he fell is the only entrance to the apartment. Under that rule, where a tenant must traverse a *known hazard* to enter his home, his equal knowledge of the danger does not excuse the landlord from liability for failure to repair.[4] But there is no evidence in the record before us that the alleged hazard was known to Carmichael. On the contrary, Jessop admits that he never notified Carmichael about the purportedly dangerous step.[5]

A landlord has no duty to inspect premises while a tenant is in possession, and if the premises fall into disrepair it is the tenant's duty to notify the landlord.[6] Jessop did not meet this duty, and there is no other evidence that Carmichael had any knowledge of the allegedly dangerous step.[7] Absent some evidence of the hazard being known by Carmichael, the necessity rule does not apply. Since the record plainly demonstrates that Jessop knew about the allegedly hazardous step after having successfully negotiated it many times,[8] and there is no evidence that Carmichael had knowledge superior to that of Jessop, the trial court correctly granted summary judgment in favor of Carmichael.[9]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 9, 2005.

*Michael C. Famiglietti*, for appellant.
*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr.*, for appellee.

---

[3] See *Flores v. Strickland*, 259 Ga. App. 335, 337 (1) (577 SE2d 41) (2003).

[4] Id. at 337-338 (2).

[5] *Johnson v. Fowler Elec. Co.*, 157 Ga. App. 319 (1) (277 SE2d 312) (1981) (directed verdict affirmed where no evidence that apartment complex owner had any notice of defective electrical wiring).

[6] *Dyer v. Wight*, 163 Ga. App. 63, 64 (293 SE2d 723) (1982).

[7] Compare *Carey*, supra (tenants repeatedly requested that defective stairway lights be replaced).

[8] *Yon v. Shimeall*, 257 Ga. App. 845, 847-848 (1) (572 SE2d 694) (2002).

[9] See *Hart v. Brasstown View Estates*, 234 Ga. App. 389, 391 (506 SE2d 896) (1998) (physical precedent only).