A07A0229. WRIGHT et al. v. K-MART CORPORATION et al.
(650 SE2d 300)

MILLER, Judge.

Jerome Wright and his wife, Wetona, appeal from the trial court's grant of summary judgment to the K-Mart Corporation ("K-Mart") on their claim for personal injuries suffered when Mr. Wright tripped and fell on a shelving unit at a K-Mart store in Tifton. Finding that the Wrights have come forward with no evidence showing that K-Mart had superior knowledge of the alleged hazard, we affirm.

> To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence. *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

*Gantt v. Dave & Buster's of Ga.,* 271 Ga. App. 457 (610 SE2d 116) (2005).

So viewed, the evidence shows that Mr. Wright entered the main store area of the Tifton K-Mart through a doorway adjacent to its open-air garden center. Wright turned to the right and tripped and fell when his pants cuff caught the outer corner of a shelf at floor level as he made the turn. Mr. Wright deposed that he had made the same turn into the store on numerous prior occasions wearing cuffed pants without incident and that he had been able to see the offending shelf corner for ten seconds before he fell. Mr. Wright later testified by affidavit, however, that he had been distracted when he entered the store and had never closely examined the offending shelf corner. Inasmuch as Mr. Wright's affidavit contradicts his deposition testimony without explanation, such testimony by affidavit must be

disregarded. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986).

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. In order to recover for injuries, however, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Moreover, the plaintiff's evidentiary burden as to "the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [himself] to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." (Footnote omitted.) *Cobb Venture, LLC v. Donaldson*, 256 Ga. App. 131, 133 (1) (567 SE2d 750) (2002).

K-Mart argues that Mr. Wright had equal knowledge of the shelf corner. We agree.

It is well settled that "[a] claim involving a static defect differs from other [trip] and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998). Here, there is evidence that Mr. Wright's injuries were caused by his own negligence. It is undisputed that Mr. Wright had made the turn in issue many times before and that he did so while observing the hazard of which he complains. Moreover, given that Mr. Wright was able to observe the shelf corner for ten seconds, the shelf corner was an open and obvious condition of which he had at least equal knowledge and could have avoided in the exercise of ordinary care. *Music v. Steamco, Inc.*, 265 Ga. App. 185, 186 (593 SE2d 370) (2004); *Becton v. Tire King of North Columbus*, 246 Ga. App. 57, 59 (539 SE2d 551) (2000). In light of the foregoing, the trial court did not err in granting K-Mart summary judgment.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JULY 5, 2007 —
RECONSIDERATION DENIED JULY 25, 2007 —

*J. Hugh Gordon,* for appellants.

*Strawinski & Stout, Nicole W. Stout, Chambless, Higdon, Rich-ardson, Katz & Griggs, John J. Makowski, Robert B. Langstaff, Jr.,* for appellees.